**BRYAN INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Dan B. LAMOUNTT and Chalon Jones, Individually and D/B/A Cha Cha Enterprises, Ltd., and University National Bank, Appellees.**

**No. A14–86–481CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 29, 1987.

Albert M. Walker, Jr., Austin, for appellant.

Chalon Jones, College Station, for appellees.

Before BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is a suit for collection of delinquent ad valorem taxes, penalty, interest and attorney's fees. The trial court entered judgment that the taxpayers were liable only for the base amount of the taxes, absolving them of liability for penalty, interest and attorney's fees. The issue before us is whether the appellees rebutted the prima facie case established by appellant. We hold they did not and reverse.

From the brief record before us it appears that lots 42, 43, 44 and 45 of the Cole Addition to the City of Bryan were owned by N.E. McLennan. Appellee Jones acquired a portion of each of the lots in 1978 and those parts were assessed in his name. In 1981 appellee Jones and another individual purchased the remainder of lots 44 and 45, but they did not render the property, nor did the appraisal district "pick up the transfer." The result was that this property continued to be assessed in the name of N.E. McLennan. Appellees then built two four-plexes on the portion of lots 44 and 45 they had purchased in 1981. In 1983, when closing on the permanent financing, appellee Jones requested a tax certificate from the tax assessor/collector in order to determine the amount of taxes due. The tax certificate showed certain 1980 and 1981 taxes were due on part of lots 42–45 of the Cole Addition "[r]endered in the name of Chalon Jones." However, the 1982 taxes on part of lots 44 and 45 assessed in the name of N.E. McLennan had not been paid and were not included in the certificate.

On November 1, 1984, appellee Jones discovered the 1982 taxes on part of lots 44 and 45 had not been paid. He then made an inquiry at the tax office contending an error had been made. Finally, sometime in January 1985 appellee offered to pay the taxes, but refused to pay penalty, interest and attorney's fees. Suit was filed, and eventually, the city and county agreed to waive the penalty, interest and attorney's fees, but the school district refused, contending it had no authority to do so. At the conclusion of trial, and in response to appellees request that the court "do the fair thing," the trial court found: (1) "that the Defendants have offered to pay the base amount of said taxes without penalty and interest," and (2) "that Plaintiff is not entitled to penalties and interest." Accordingly, the court ordered appellees to pay only the base amount of taxes.

In its first point of error appellant contends "the trial court erred in granting judgment for the appellees for the reason that appellant established a prima facie case which was not rebutted by appellees." We agree.

Tex.Tax Code Ann. § 33.47 (Vernon 1982) provides that the delinquent tax roll constitutes prima facie evidence that the amount of tax alleged to be delinquent is the correct amount. Delinquent taxes incur penalties and interest pursuant to Tex.Tax Code Ann. § 33.01 (Vernon 1982). Additionally, § 33.48(a)(4), Tex.Tax Code Ann. (Vernon 1982), provides for the recovery of "reasonable attorney's fees approved by the court and not exceeding 15 percent of the total amount of taxes, penalties, and interest."

By introducing into evidence the delinquent tax rolls, appellant made out a prima facie case and was entitled to judgment in the absence of any proven defense. *Duval County Ranch Co. v. State*, 587 S.W.2d 436 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1981).

We have not been favored with a brief by appellees. Apparently, they do not now, nor did they in the trial court, assert any defense other than "equity." While the

trial judge did not give any basis for his ruling, he may have relied upon Tex.Tax Code Ann. § 33.011 (Vernon Supp.1987), which provides:

> The *governing body* of a taxing unit *may* provide for the waiver of penalties and interest on a delinquent tax if an act or omission of an officer, employee, or agent of the taxing unit caused the taxpayer's failure to pay the tax before delinquency and if the tax is paid within 21 days after the taxpayer knows or should know of the delinquency. (emphasis added).

It would appear that the discretion to forgive penalties and interest lies with the taxing unit and not the court. However, even if the court has such discretion, it is abundantly clear that appellees did not offer to pay the taxes within twenty-one days after learning of the delinquency. Therefore, the court erred in failing to enter judgment for penalties, interest and attorney's fees, in addition to the taxes due. Since the amount of attorney's fees to be assessed must be determined by the trial court, we must remand the case.

The judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with this court's opinion.