**Lawrence A. AMOROSO and Alice A. Amoroso, Appellants,**

v.

**ALDINE INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 01–90–00302–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 28, 1991.

Rehearing Denied March 21, 1991.

Harriet E. Hubacker, Houston, for appellants.

Jonathan Hantke, Eileen K. Wilson, Jordan Mintz, Houston, for appellee.

Before SAM BASS, HUGHES and DUNN, JJ.

OPINION

DUNN, Justice.

The appellants, Lawrence A. and Alice A. Amoroso, appeal the summary judgment granted in favor of the appellee, Aldine Independent School District. The trial court entered judgment for $1,483.35 plus post-judgment interest and assessed attorney's fees and costs of court against the appellants.

The appellee sued the appellants for delinquent property taxes and sought foreclosure of the liens securing the taxes. The appellee moved for summary judgment on the ground that no issue of material fact existed concerning the appellants' liability for delinquent taxes, including penalties and interest.

In support of its motion for summary judgment, the appellee presented the affidavit of Michele I. Rice, tax assessor-collector for the appellee. She certified that the copies of the tax rolls and delinquent tax

statement attached to her affidavit accurately reflected the delinquent taxes owed by the appellants. The tax rolls and statement reflected that for 1986, the appellants owed taxes of $995.87, plus penalty and interest of $487.98.

The appellants filed a response to the appellee's motion for summary judgment claiming the appellee was not entitled to summary judgment because the facts alleged constituted a legal defense to the appellee's cause of action. The appellants contended that a genuine issue of material fact existed concerning three defenses:

(1) the appellee carelessly and negligently mailed the appellants' tax statement to an unknown third party in violation of Tex.Tax Code Ann. § 31.01(a) (Vernon 1982);

(2) the appellants were not delinquent in the payment of taxes under Tex.Tax Code Ann. § 31.04 (Vernon Supp. 1991);

(3) the appellants made payment in full of the base tax levy on their property within the period prescribed by statute, and they were excused from the payment of penalty and interest under Tex.Tax Code Ann. § 33.011 (Vernon Supp. 1991).

In support of their response to the appellee's motion for summary judgment, the appellants presented the affidavit of the appellant, Lawrence A. Amoroso. He asserted that he received a delinquent tax statement from the appellee in July 1987, but he had received no previous tax statement from the appellee. Within 21 days of receiving the statement, he paid the full base tax levy to the appellee; the payment was rejected by the appellee. The appellants also present the affidavit of the appellant, Alice A. Amoroso, which confirmed the affidavit testimony of Lawrence A. Amoroso.

The trial court granted summary judgment in favor of the appellee.

In their sole point of error, the appellants contend that the trial court erred in granting summary judgment in favor of the appellee.

In reviewing the grant of a motion for summary judgment, this Court will take all evidence favorable to the nonmovants as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). Every reasonable inference will be indulged in favor of the nonmovants, and any reasonable doubt will be resolved in their favor. *Id.* To be entitled to summary judgment, the movant must conclusively prove all essential elements of its claim. *Id.* The movant has the burden of showing that there are no genuine issues of material fact, and that it is entitled to judgment as a matter of law. *Id.*

■ Initially, the appellants contend that the trial court erred in granting summary judgment without a hearing when a hearing had been set. The record before this Court does not reflect that a summary judgment hearing had been set. The appellants have the burden of showing that the judgment of the trial court was erroneously rendered. *Jackson v. United States Fidelity and Guar. Co.,* 689 S.W.2d 408, 412 (Tex.1985). Since the record does not reflect the error about which the appellants complain, we cannot sustain their contention.

Next, the appellants contend that the trial court erred in granting summary judgment because a genuine issue of material fact existed.

■ In a suit to collect delinquent taxes, a certified copy of delinquent tax rolls is prima facie evidence that the amount of tax is due. *Bryan Indep. School Dist. v. Lamountt,* 726 S.W.2d 192, 193 (Tex.App.— Houston [14th Dist.] 1987, no writ); *Beets v. Malakoff Indep. School Dist.,* 589 S.W.2d 188, 189 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); Tex.Tax Code Ann. § 33.47(a) (Vernon 1982). In the present case, the appellee presented certified copies of the delinquent tax rolls as summary judgment proof. In the absence of any summary judgment proof raising an affirmative defense, the appellee established there was no genuine issue of fact as to any element of its cause of action, and it was entitled to summary judgment. *Beets,* 589 S.W.2d at 189; *see also Lamountt,* 726 S.W.2d at 193 (once school district made out prima facie case, it was entitled to judgment in the absence of any proven

defense). Therefore, the burden shifted to the appellants to present summary judgment proof raising an affirmative defense.

■ When the movant has established the absence of any genuine issue of material fact as to its cause of action, the non-movants cannot defeat the granting of a motion for summary judgment by merely pleading an affirmative defense. *Kirby Exploration Co. v. Mitchell Energy Corp.*, 701 S.W.2d 922, 926 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). In order to defeat the granting of a motion for summary judgment, the nonmovants must produce summary judgment evidence that raises a fact issue on each element of an affirmative defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Kirby Exploration*, 701 S.W.2d at 926.

In their response to the appellee's motion for summary judgment, the appellants raised three defenses; however, on appeal, the appellants abandon one of their defenses.

■ The appellants contend that they were not delinquent in the payment of their taxes under TEX.TAX CODE ANN. § 31.04. If the appellants' tax bill was mailed after January 10, 1987, "the delinquency date ... [was] postponed to the first day of the next month that will provide a period of at least 21 days after the date of mailing for payment of taxes before delinquent." TEX.TAX CODE ANN. § 31.04(a). While the appellants' affidavits assert that they first learned of the delinquent taxes in July 1987, the affidavits do not assert that the *tax bill* was mailed after January 10, 1987. The appellants presented no other summary judgment proof that established the tax bill was mailed after January 10, 1987. Therefore, the appellants failed to raise a fact issue as to whether they were entitled to postponement of the delinquency date under section 31.04(a). The appellants did not raise an issue of fact as to their affirmative defense based on section 31.04(a).

■ The appellants next contend that they were entitled to waiver of penalties and interest under TEX.TAX CODE ANN.

§ 33.011. The Code provides for waiver of penalties and interest:

> The governing body of a taxing unit *may provide* for the waiver of penalties and interest on a delinquent tax if an act or omission of an officer, employee, or agent of the taxing unit or the appraisal district in which the taxing unit participates caused or resulted in the taxpayer's failure to pay the tax before delinquency and if the tax is paid within 21 days after the taxpayer knows or should know of the delinquency.

TEX.TAX CODE ANN. § 33.011 (emphasis added). The appellants contend that the provision is mandatory, and if the taxing authority caused the delinquency, the taxing authority *must* forgive the penalties and interest. In contrast, the appellee contends that the provision is discretionary, and, as a matter of law, the taxing authority is not required to forgive penalties and interest.

We find the provision is discretionary. *Cf. Lamountt*, 726 S.W.2d at 194 (discretion to forgive penalties and interest lies with the taxing unit and not with the court). In construing a statute, this Court will apply the ordinary meaning of a term, unless a different meaning is expressed in the statute. *Hopkins v. Spring Indep. School Dist.*, 736 S.W.2d 617, 619 (Tex. 1987); *Inwood North Homeowners' Ass'n, Inc. v. Meier*, 625 S.W.2d 742, 743 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ); TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988). Generally, "may" is construed as permissive. *Inwood North*, 625 S.W.2d at 743–44. Moreover, section 33.011 does not simply state that the taxing authority *may* waive penalties and interest; it states that the taxing authority *may provide* for the waiver. The language of the statute suggests it is discretionary. Hence, we construe section 33.011 as giving the taxing authority discretion to waive penalties and interest. Since the appellants were not entitled to waiver of the penalties and interest, they did not raise a fact issue under section 33.011.

■ The appellants contend, for the first time on appeal, that if section 33.011 is discretionary, the appellee's refusal to pro-

vide a waiver under section 33.011 violated the appellants' rights to due process. The appellants did not raise violation of due process in the trial court. An appellate court cannot reverse a summary judgment based on an issue not presented to the trial court. *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex.1986); Tex.R.Civ.P. 166a(c). Even constitutional challenges that were not presented in the trial court cannot be the grounds of reversal of a summary judgment on appeal. *City v. Schautteet*, 706 S.W.2d 103, 104 (Tex.1986); *Phillips v. Sharpstown Gen. Hosp.*, 664 S.W.2d 162, 169 (Tex.App.— Houston [1st Dist.] 1983, no writ). Thus, we cannot consider the appellants' due process claims.

The appellee established that no material issue of fact existed and it was entitled to judgment as a matter of law. The appellants failed to raise an issue of fact as to each element of any of the affirmative defenses they asserted to the appellee's motion for summary judgment. The trial court did not err in granting the appellee's motion for summary judgment. We overrule the appellants' sole point of error.

We affirm the judgment.