Jerry GODWIN d/b/a Quality Concrete,
and Randall Keith Godwin,
Appellants,

v.

ALDINE INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 01–96–00313–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 23, 1997.

Rehearing Overruled Dec. 4, 1997.

Kenneth C. Kobobel, Houston, for appellants.

Sherri B. Manuel, Houston, for appellee.

Before HEDGES, COHEN and TAFT, JJ.

## OPINION

HEDGES, Justice.

Appellants, Jerry Godwin d/b/a Quality Concrete and Randall Keith Godwin, appeal a judgment against them for delinquent ad valorem taxes on personal and business personal property. The trial court dismissed appellants' notice of appeal and entered judgment based on the tax master's ruling in favor of the following taxing authorities: Aldine Independent School District, Harris County Hospital District, North Harris Montgomery Community College, Harris County Emergency Service District # 1, Harris County Rural Fire Prevention District # 25, Harris County, Harris County Flood Control District, Harris County Department of Education, and Harris County Port Authority (the "taxing authorities"). We reverse and remand.

In three points of error, appellants contend that the trial court erred in dismissing their de novo appeal and entering judgment against them because (1) the taxing authorities offered no evidence at the trial de novo, (2) the trial court incorrectly placed the burden of proof on appellants at the trial de novo, and (3) appellants timely objected to the visiting judge presiding over the proceeding.

## Facts

On May 7, 1993, appellee, Aldine Independent School District, filed suit against appel-

lant, Jerry Godwin d/b/a Quality Concrete, to collect delinquent ad valorem taxes on personal and business personal property. The other taxing authorities who were parties to this suit intervened to collect delinquent taxes on the same property. Upon Jerry Godwin's death, the trial court issued a scire facias citation to his son, Randall Keith Godwin, as sole heir. Randall answered, and the case was heard before a tax master on June 20, 1995. On July 24, 1995, the tax master recommended judgment for the taxing authorities and gave notice to the parties. On August 2, 1995, appellants filed notice of appeal to the trial court. The trial court had already adopted the tax master's recommendation that same day. On September 15, 1995, the trial court set aside its judgment, and at the request of appellants, a de novo hearing was scheduled for September 18, 1995.

On September 18, the judge of the 270th District Court, Judge Richard Hall, was functioning as ancillary judge for Harris County. A visiting judge, Judge Pat Lykos, was hearing Judge Hall's regular docket. Judge Lykos called the 270th Court's trial docket at 9:00 a.m., and counsel for appellants and counsel for the taxing authorities all announced that they were ready to proceed. While counsel for one of the taxing authorities stepped out of the courtroom to inform her co-counsel that the case was going to be heard that day, Judge Lykos again called the case. The attorneys representing appellants, still present in the courtroom, informed the judge that they were "adversarial." Apparently misunderstanding that comment to mean that one of these attorneys represented a taxing authority, Judge Lykos sent them to the court coordinator to schedule the evidentiary hearing for 1:00 p.m. the same day. Without informing the taxing authorities, attorneys for appellants rescheduled the hearing for September 22 and left the court.

When one of the taxing authorities' attorneys learned that the hearing was rescheduled, she informed Judge Lykos, and appellants' attorneys were called back to the court. With all parties represented, Judge Lykos conducted a hearing. At midafternoon, several hours into the hearing, the attorney for Randall Godwin presented a written objection to the assignment of Judge Lykos to the case. The motion had been filed that morning. He also orally objected to Judge Lykos' presiding over the hearing. Judge Lykos terminated the hearing without evidence on appellants' tax liability from either party. On November 3, 1995, Judge Hall dismissed appellants' appeal and reinstated the August 2 judgment in favor of the taxing authorities.

In point of error two, appellants argue that the trial court erred in dismissing their appeal and entering judgment against them because the trial court erroneously placed the burden of proof on appellants to go forward in the evidentiary hearing.

### Adjudication and Appeal of Delinquent Tax Suits

The Tax Code provides that a court in which a suit for delinquent tax is pending may refer the case to a master in chancery. TEX. TAX CODE ANN. § 33.71 (Vernon 1992). The master is authorized to conduct evidentiary proceedings and recommend a final judgment. *Id.* Any party to the delinquent tax suit is entitled to a hearing by the judge of the referring court if, within 10 days after the tax master gives notice of his or her findings and recommendation, an appeal of the master's report is filed with the referring court. TEX. TAX CODE ANN. § 33.74(a) (Vernon 1992). "On appeal to the referring court, the parties may present witnesses as in a hearing de novo only on those issues raised in the appeal." TEX. TAX CODE ANN. § 33.74(d) (Vernon 1992). The statute provides that the referring court "shall hold a hearing on all appeals not later than the 45th day after the date on which the initial appeal was filed with the referring court." TEX. TAX CODE ANN. § 33.74(g) (Vernon 1992).

### 45th Day Requirement

All parties and both judges were uncertain about the meaning of the statutory dictate that the referring court "shall hold a hearing ... not later than the 45th day ..." after the notice of appeal. The confusion is understandable, because there is no explanatory authority. The parties seemed unclear about whether the court lost jurisdiction over the appeal at the end of forty-five days.

We have researched this question and have found no authority directly on point. In order to find analogous authority, we looked to the Family Code, which provides for master in chancery adjudication almost identical to the one described in the Tax Code. *See* TEX.FAM.CODE ANN. § 201.001 *et seq.* (Vernon 1996). An appeal of the family court master's recommendation is allowed upon timely filing of notice of appeal with the referring court, which "shall hold a hearing on all appeals not later than the 30th day after the date on which the initial appeal was filed with the referring court." TEX.FAM. CODE ANN. § 201.015(f) (Vernon 1996).

The parties in the appeal before us seemed to construe the word "shall" in TEX. TAX CODE ANN. § 33.74(g) (Vernon 1992) as depriving the referring court of jurisdiction over the appeal if the hearing is either not commenced on or before the 45th day or is not completed by that date. A similar issue in the context of an appeal of a family court master's finding was addressed in *Ex parte Brown,* 875 S.W.2d 756 (Tex.App.—Fort Worth 1994, no writ). In that habeas corpus proceeding, the petitioner contended that the trial court had lost jurisdiction to rule on his appeal when it held the evidentiary hearing provided for in TEX.FAM.CODE ANN. § 201.015(f) (Vernon 1996) beyond the 30–day prescribed period. The Fort Worth Court of Appeals found that the 30–day hearing procedure was designed to "require the prompt resolution of appeals of masters' rulings." *Brown,* 875 S.W.2d at 760. While the court interpreted "shall" as mandatory, that directive did not mean that the referring court lost jurisdiction if it failed to hear an appeal from a master's ruling within 30 days of the notice of appeal. *Id.* The mandatory provision gives the appealing party a mechanism with which to compel a referring court to hear an appeal promptly. *Id; see State v. $435,000,* 842 S.W.2d 642, 644 (Tex.1992) (construing similar language in civil forfeiture statute as mandatory).

Analogously, we believe that while the language regarding timeliness of the hearing in section 33.74(g) is mandatory, a referring court is not divested of jurisdiction if it fails to comply. Rather, the provision gives the appealing party a vehicle to compel prompt adjudication of the appeal. Accordingly, the referring court could have held the evidentiary hearing after the 45th day without jurisdictional consequences.

**Burden of Going Forward**

Appellants complain that the trial court dismissed their appeal and entered judgment against them based on an erroneous shifting of the burden of going forward. We agree.

■ In an appeal de novo, the reviewing court shall conduct a trial de novo in the same manner as all other civil suits. TEX. GOV'T CODE ANN. § 2001.173(a) (Vernon 1988). Judicial review by trial de novo is not a traditional appeal, but rather a new and independent action characterized by all the attributes of an original civil action. *Key Western Life Ins. v. State Board of Ins.,* 163 Tex. 11, 350 S.W.2d 839, 846 (1961); *see also Central Educ. Agency v. Upshur Co. Comm'rs Ct.,* 731 S.W.2d 559, 561 (Tex.1987). The party upon whom the burden of proof rests has the burden to go forward with evidence first. TEX.R.CIV.P. 262, 265(a).

■ Clearly the taxing authorities had the burden to go forward with evidence in this trial de novo to establish appellants' liability. The trial court's recitation in its judgment that "the defendants did not produce witnesses" and that "the defendants were not ready for trial" indicates that the trial court dismissed the appeal because the appellants failed to proceed. That notion erroneously placed the burden on appellants to establish their defense before the taxing authorities had established their prima facia case of liability.

In reciting in the judgment that the 45 days had run, the trial court affirmed its belief that it lost jurisdiction over the appeal after the 45th day. We have held that the trial court's jurisdiction over the appeal continued after that date. Therefore, the failure to complete a trial de novo by the end of the 45–day period was not fatal to the appeal and was an improper basis for dismissing the appeal.

We sustain point of error two.

In light of our disposition of point of error two, we need not consider points of error one and three.

We reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.