Reversed and Remanded and Opinion filed September 16, 2003









Reversed and Remanded and Opinion filed September 16, 2003.

 

 

 

 

 

                                                                                                                                                            

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00942-CV

____________

 

CITY OF HOUSTON, HARRIS COUNTY, HARRIS COUNTY EDUCATION DEPARTMENT, PORT OF HOUSTON OF
HARRIS COUNTY AUTHORITY,

HARRIS COUNTY FLOOD CONTROL DISTRICT, AND

HARRIS COUNTY HOSPITAL DISTRICT, Appellants

 

V.

 

ALIEF I.S.D. AND BERNARD JOHNSON YOUNG, INC., Appellees

 



 

On Appeal from the 113th District Court

Harris
County, Texas

Trial Court Cause No. 00-42647

 



 

O P I N I O N








The
City of Houston and Harris County[1]
appeal an agreed judgment in favor of appellees, Alief I.S.D. and Bernard Johnson Young, Inc. (AYoung@).  The City of Houston and Harris County contend
the trial court erred in (1) finding they did not appeal a tax master=s
recommendation and entering a take-nothing judgment when the record shows a
notice of appeal was filed, and (2) entering judgment without all parties to
the litigation having notice.  We reverse
and remand.

Background

Alief I.S.D. brought suit against Young
for unpaid property taxes.  The City of
Houston and Harris County entered a plea in intervention claiming Young owed
further taxes to them.  After an August
24, 2001 hearing, the tax master concluded Young owed nothing and recommended a
take-nothing judgment.[2]

On
August 30, within ten days of the tax master=s recommendation, the City of
Houston and Harris County filed a ANotice of Appeal from the Decision@
with the referring district court. 
Copies of the notice of appeal were sent to both Alief
I.S.D. and Young.  At the same time, Alief I.S.D. filed a notice of appeal with the referring
district court.  The district court
issued a docket control order setting the case for trial on April 15,
2002.  Alief
I.S.D. filed a motion to compel Young to respond to its interrogatories and a
request for production of documents and notified Young, as well as the City of
Houston and Harris County, that a March 6, 2002 hearing would be held on the
matter.  The City of Houston and Harris
County did not attend the discovery hearing.[3]  








At
the March 6 hearing, counsel for Alief I.S.D. and
Young proposed an agreed judgment that the district court signed.  The trial court ordered the City of Houston
and Harris County take nothing as they failed to appeal the tax master=s
recommendation.  This restricted appeal
followed.

Failure to
Appeal

To
be entitled to pursue a restricted appeal, the party seeking to appeal must
show that it did not participate in the Ahearing that resulted in the
judgment complained of.@ 
Tex. R. App. P. 30.  A party who did not participate, either in
person or through counsel, in the hearing that resulted in the judgment
complained of and who did not timely file a post-judgment motion or request for
findings of fact and conclusions of law, or a notice of appeal, may file a
restricted appeal within six months after the judgment is signed.  Id. 
The scope of review in a restricted appeal is the same as in an ordinary
appeal, except that the error must appear on the face of the record.  Norman Communications v. Tex. Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

The
Tax Code provides that a court in which a suit for delinquent tax is pending
may refer the case to a master in chancery. 
Tex. Tax Code Ann. '
33.71 (Vernon 2001).  The master is
authorized to conduct evidentiary proceedings and recommend a final
judgment.  Godwin v. Aldine I.S.D.,
961 S.W.2d 219, 220 (Tex.
App.CHouston [1st Dist.] 1997, writ denied).  Any party to the delinquent tax suit is
entitled to a hearing by the judge of the referring court, if within ten days
after the tax master gives notice of his or her findings and recommendation, an
appeal of the master=s report is filed with the referring
court.  Tex.
Tax Code Ann. ' 33.74(a) (Vernon 2001).  AOn appeal to the referring court,
the parties may present witnesses as in a hearing de novo only on the issues
raised in the appeal.@ 
Tex. Tax Code Ann. '
33.74(d).  The statute provides that the
referring court Ashall hold a hearing on all appeals
not later than the 45th day after the date on which the initial appeal was
filed with the referring court.@ 
Tex. Tax Code Ann. '
33.74(g); see also Godwin, 961 S.W.2d at 220.

 








Here,
the district court failed to comply with section 33.74(g), which requires that
a hearing be held on all appeals.  The
plain language of the statute dictates that any party may appeal the decision of
a tax master to the referring court and that court must hold a hearing on all
appeals after giving notice to the parties. 
Tex. Tax Code Ann. '
33.74(a),(g).  The City of Houston and
Harris County properly filed their appeal to the district court within ten days
of the tax master=s recommendation and only received
notice of a hearing on the motion to compel, which they chose not to
attend.  Furthermore, the City of Houston
and Harris County already had been notified that the pre-trial conference or
docket call would not take place until April 15, 2002.

There
is little authority on this subject, but courts have looked to similar language
within the Family Code to interpret section 33.74.  See Godwin, 961 S.W.2d at 220-21.  Language requiring that the referring court Ashall
hold a hearing@ on all appeals has been held to be
mandatory.  See Attorney General of
Texas v. Orr, 989 S.W.2d 464, 469 (Tex. App.CAustin
1999, no pet.).

The
language of section 33.74(g) indicates that when a notice of appeal is properly
filed, the requirement that the referring court hold a de novo hearing is
mandatory.  Here, the City of Houston and
Harris County properly appealed the tax master=s finding, and the referring court
erred in rendering judgment without holding a de novo hearing.  Such a failure is presumed harmful.  See Orr, 989 S.W.2d at 469; Young,
854 S.W.2d at 703.

Having
sustained appellants= first point of error we need not
address their complaint about the lack of notice.  We reverse the judgment of the district court
and remand the cause to that court for further proceedings consistent with this
opinion.

 

/s/            Leslie
Brock Yates

Justice

 

Judgment rendered and Opinion filed
September 16, 2003.

Panel consists of Justices Yates,
Hudson, and Frost.         











[1]  The Notice of
Restricted Appeal (ANotice@) identifies the City of Houston, Harris County, the
Harris County Education Department, the Port of Houston of Harris County
Authority, the Harris County

 Flood Control
District, and the Harris County Hospital District as appellants to the district
court=s March 6, 2002 judgment.  Appellant=s Brief
refers to AHarris County, et. al.@ and to AHarris County.@  We assume the references to AHarris County@ relate
to Harris County and the Harris County jurisdictions listed in the Notice.  For ease of reference, we will also use AHarris County@ to
refer collectively to Harris County and its county-wide jurisdictions.





[2]  The record
does not contain a judgment by the tax master. 
The only indication of the tax master=s
findings are notations in the docket sheet on August 24, 2001, recommending a
take-nothing judgment.  The docket sheet
entry may not stand as an order.  See
Util. Pipeline Co. v. Am. Petrofina Mktg., 760 S.W.2d 719, 723 (Tex. App.CDallas 1988, no writ). 
However, both parties stated in lower court pleadings that the tax
master entered recommendations on August 24. 
Furthermore, Alief I.S.D. and Young do not
contest the entry of a take-nothing judgment in their appellate briefing.  We accept as true the representation that the
tax master entered a take-nothing judgment on August 24, in the absence of any
argument by appellees to the contrary.  See Tex.
R. App. P. 38.1(f) (AIn a civil case, the court will accept as true the
facts stated unless another party contradicts them.  The statement must be supported by record
references.@).





[3]  Although
neither party argues want of prosecution on appeal, we note that the trial
court notified the parties that the case was eligible for dismissal for want of
prosecution on March 7, 2002.  When an
unreasonable delay in the prosecution of a case occurs, it is presumed that the
case has been abandoned.  See Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 57 (Tex.
App.CHouston [14th Dist.] 1993, no writ).  Here, however, the trial court entered an
agreed judgment prior to this deadline and did not cite want of prosecution as
grounds for dismissal of the City of Houston and Harris County=s claim.