Affirmed and Majority and Concurring Opinions filed October 10, 2006








Affirmed and Majority and Concurring Opinions filed October
10, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00983-CV

____________

 

RONNIE VEE HEBISEN and DAN HENNIGAN, Appellants

 

V.

 

CLEAR CREEK INDEPENDENT SCHOOL
DISTRICT, HARRIS COUNTY, HARRIS COUNTY EDUCATION DEPARTMENT, PORT OF HOUSTON OF
HARRIS COUNTY AUTHORITY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY
HOSPITAL DISTRICT, and 

CITY OF NASSAU BAY, Appellees

 



 

On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Cause No. 02-33289

 



 

M A J O R I T Y   O P I N I O N

This appeal arises from a suit to recover delinquent
personal property taxes. Appellants, Dan Hennigan and Ronnie Vee Hebisen, bring
four no-evidence challenges to the district court=s judgment.  At
issue is whether appellants have provided a sufficient record on appeal to
review their evidentiary arguments.  We find the record is insufficient to
review appellants= evidentiary arguments and affirm the
judgment of the trial court.








 Appellants are attorneys who shared office space.  Clear
Creek Independent School District (ACCISD@) filed suit
against appellants and other attorneys who occupied the office suite for
delinquent personal property taxes.[1] 
Harris County and the City of Nassau Bay filed a plea in intervention (we refer
to CCISD and the intervenors collectively as the Ataxing authorities@).[2] 
The trial court referred the matter to a tax master, Michael Landrum, who heard
evidence on February 13, 2004, and issued a master=s report.  Landrum
recommended the taxing authorities take nothing from Hebisen, that Hennigan is
liable for delinquent taxes accrued for tax years 1998 through 2001, and
recommended the referring court=s judgment provide for foreclosure of the
tax lien.

Hennigan filed a general notice of appeal in the referring
court contending the taxing authorities were not entitled to Aany tax lien.@  (Emphasis
added).  Because the existence or non-existence of a tax lien was the ultimate
issue to be decided, it is hard to interpret Hennigan=s notice of appeal
as anything other than a global challenge to every issue decided by the tax
master.   CCISD also appealed to the referring court.  CCISD, however,
restricted its appeal to whether it was entitled to Aa judgment for
personal liability and foreclosure of the tax liens for the 2002 and 2003 tax
years.@  Hebisen did not
appeal.








According to the docket sheet, the referring court held a
bench trial and heard evidence on July 15, 2004.  No reporter=s record was made
of the trial de novo.  The court=s final judgment
states all remaining defendants (Hooper, Hennigan, Stephens, and Hebisen) had
previously appeared and were given notice of the trial date.  The trial court
found Hennigan and Hebisen jointly and severally liable to the taxing
authorities for delinquent taxes that accrued on personal property valued at
$24,320.00 for tax years 1998 through 2003, and for penalties, interest, and
attorneys= fees.[3] 
The judgment also authorized the taxing authorities to obtain all writs and
processes necessary to enforce and collect the judgment.  The trial court=s judgment
indicates the case was Acalled@ on February 13,
2004 (the day of the hearing before the tax master).  No party contests the
fact that the trial court=s judgment differs from Landrum=s report by
finding Hebisen liable and by adding recovery for tax years 2002 and 2003.








Appellants timely filed a joint notice of appeal from the
trial court=s judgment.  They argue there is no evidence: (1) they
owe any taxes, (2) they owned taxable property within appellees= taxing
jurisdiction on January first of each taxable year, (3) they owned taxable
property jointly within appellees= taxing
jurisdiction, or (4) of any appraisal by the appropriate appraisal districts of
any property in the amount found by the trial court.  Appellants have provided
an appellate record consisting only of a clerk=s record and a
reporter=s record of the
hearing before Landrum.  They urge A[t]he issues
raised in this appeal relate to matters not appealed to the referring court and
are properly before this court with the statement of facts made before the tax
master. . . .@  They rely on Tax Code section 33.74, subsections
(c), (d) and (i) in arguing the referring court was limited to hearing only
those issues specifically challenged on de novo appeal, so that issues left
unchallenged before the referring court may be appealed separately to this
court using only the tax master transcript.[4] 
CCISD, however, contends the evidence and testimony presented before the tax
master is not the evidence heard by the referring court.  CCISD further argues
that the record under review is the one made by the referring court, not the
tax master.  We agree.

Hennigan submitted a broad, global notice of appeal
challenging the master=s recommendation of any tax lien. 
Hebisen, on the other hand, gave no notice of appeal.

Hennigan=s notice of appeal should have been
limited to specific findings.[5] 
However, by filing a general notice of appeal, Hennigan effectively challenged
every finding of the tax master.[6] 
While the referring court was not required to entertain such a broad appeal,
once it did so, it was required to conduct a full trial de novo.  Accordingly,
the only record appropriate for our review of Hennigan=s appeal is the
record from the de novo hearing in the referring court.  We have no such
record.  Thus, we have nothing to review.








Even if Hennigan=s notice of appeal
to the referring court could be construed as limiting in some fashion the
issues under review, none of the subsections cited by Hennigan permit a party
to appeal in part to the referring court while reserving other issues for a
higher court=s review.  Such practice would mislead the trial court
into believing the parties agree with the tax master=s assessment and
enter judgment upon this mistaken belief.  We find, when hearing an appeal de
novo from a tax master=s recommendations, the referring court may,
in its discretion, treat all uncontested issues as conclusive.  Moreover,
an appellant may not thereafter challenge the trial court=s judgment on the
theory that the tax master=s report was not supported by sufficient
evidence.








Although the Tax Code is silent on this issue, our finding
is supported in other contexts.  The Family Code provides for referral to an
associate judge using a procedure almost identical to that found in the Tax
Code.  Tex. Fam. Code Ann. '' 201.001B.018 (Vernon 2002
& Supp. 2004B05); Godwin v. Aldine Indep. Sch. Dist.,
961 S.W.2d 219, 221 (Tex. App.CHouston [1st Dist.] 1997, writ denied). 
When parties appeal from an associate judge=s findings in a
family law case, evidence will be heard de novo by the trial court only on
objected-to issues.  The master=s findings are conclusive on any
unobjected-to issues and the trial court Ahas no occasion to
inquire into the evidence heard by the master.@  See Cameron
v. Cameron, 601 S.W.2d 814, 815 (Tex. App.CDallas 1980, no writ) (finding appellant cannot
attack trial court findings on grounds the record made before the master
contains insufficient evidence); see also Robles v. Robles, 965
S.W.2d 605, 612 (Tex. App.CHouston [1st Dist.] 1998, pet. denied) (A[I]f a proper
objection to a master=s recommendations and findings is not
filed before those findings are adopted by the referring court, those
findings become conclusive on the issues considered by the tax master.@).  This conforms
to century-old caselaw concluding  reports issued by auditors or masters
appointed under the Texas Rules of Civil Procedure are conclusive on all
unobjected-to issues.  Eagle Mfg. Co. v. Hannaway, 90 Tex. 581, 40 S.W.
13, 13 (1897); Minnich v. Jones, 799 S.W.2d 327, 328 (Tex.
App.CTexarkana 1990, no writ); Moore
v. Waco Bldg. Ass=n, 28 S.W. 1033, 1033 (Tex. Civ.
App. 1895, no writ).[7] 
Therefore, there will be no occasion for this court to look at the transcript
made before the tax master when there has been an appeal de novo to the
trial court.  See Tex. Tax
Code Ann. ' 33.74(i) (failing to appeal to
trial court does not limit further appeals).[8] 
By filing an appeal to the referring court challenging only part of the master=s report, the
appealing party concedes that the master was correct as to the unchallenged
part, and therefore the referring court has Ano occasion@ to inquire into
evidence on the unchallenged issues.

Unlike Hennigan, Hebisen filed no notice of appeal to the
referring court and challenged no findings of the tax master.  Hebisen seems to
implicitly suggest he had no obligation to appear at the de novo hearing before
the referring court.  He argues the only appropriate record for our review is
the record prepared by the tax master.

Hebisen, however, was on notice that other parties had
given notice of appeal.  For example, CCISD appealed the master=s denial of Apersonal liability@ for tax years
2002 and 2003.  CCISD did not limit its appeal to only Hennigan=s personal
liability for these years.  Moreover, Hebisen was also alerted to the fact that
Hennigan had filed a broad, sweeping appeal requiring the referring court to
conduct a trial de novo on virtually every issue.  Thus, Hebisen was on notice
that issues pertaining to him would be litigated in a trial de novo before the
referring court.  However, the Tax Code provides that when a de novo hearing is
required before the referring court, such hearing Ashall be limited
to those findings and conclusions@ specifically
challenged in the notice of appeal.  Tex.
Tax Code Ann. ' 33.74(c).  Accordingly, the issue before
us is to what extent is a party required to appear and present evidence in a
hearing de novo that is initiated by another party=s notice of
appeal, when he himself is satisfied with the recommendations of the master and
has filed no notice of appeal.








Section 33.74(c) uses the word Ashall.@  Id. 
Courts generally construe the word Ashall@ as mandatory.  Albertson=s, Inc. v.
Sinclair, 984 S.W.2d 958, 961 (Tex. 1999).  However, courts have construed the
word Ashall@ as merely
directive when legislative intent supports such a construction.  Pantera
Energy Co. v. R.R.Comm=n of Tex., 150 S.W.3d 466,
474 (Tex. App.CAustin 2004, no pet.).  In determining whether a
statutory provision is directive or mandatory, a court should consider the
entire act, its nature and object, and the consequences that would follow from
either construction.  Id.

The purpose of a master is to assist, not supplant, the trial
judge.  First, the trial judge has the discretion to appoint or not appoint a
master Aas desired@ and to specify or
limit his powers.  Tex. Tax Code Ann.
' 33.71 (Vernon
2002).  Second, the master=s report is returned as a Arecommendation@ in that, unless
there is an appeal, the trial court may confirm, modify, correct, reject,
reverse, or recommit the report as the court may deem proper and necessary in
the particular circumstances of the case.  Id. ' 33.73 (Vernon). 
Finally, where there is no appeal, the findings and  recommendations of the
master become the decree or order of the referring court only if the referring
court signs an order or decree conforming to the master=s report.  Id.
' 33.75 (Vernon
2002).

Of course, a master is of no assistance to the trial court
if a disgruntled party can render the entire master=s report a nullity
by simply filing an appeal.  Thus, to promote judicial efficiency, the
dissatisfied party must precisely identify the specific findings he intends to
challenge on appeal.  Id. ' 33.74(c). 
Moreover, the parties may present witnesses only on the issues raised in the
appeal.  Id. ' 33.74(d).








However, when a party gives notice of appeal, certain
restrictions are imposed upon the referring court.  For example, due process
considerations are observed in that all parties must be provided with copies of
the notice of appeal.  Id. ' 33.74(e).  And
while Athe appeal shall
be limited to those findings and conclusions@ raised in the
notice of appeal, we interpret this provision as a due process safeguard to
protect non-appealing parties, not as a jurisdictional prerequisite.  See
id. ' 33.74(c). 
Moreover, while a referring court may not Aconfirm, modify,
correct, reject, reverse, or recommit@ a master=s report once a
notice of appeal has been filed, we construe this provision as another due
process protection that prevents any final disposition of the case until the
trial judge has conducted a de novo hearing on the matters being appealed.  See
id. ' 33.73.  In other
words, once the referring court has conducted a de novo hearing, it may then Aconfirm, modify,
correct, reject, reverse, or recommit@ the master=s report as it
deems proper and necessary in the particular circumstances of the case.  Any
other construction would forever prevent the referring court from finalizing
its judgment.[9]








We find support for this construction from the legislature=s expression of
its intent.  Outside of the limited use of masters in chancery under Texas Rule
of Civil Procedure 171, masters (now called Aassociate judges@ in the family law
context) were first used in family courts.  While these Aparajudicial personnel@ were employed to
relieve full dockets,  as a check on their use, concerned legislators warned
they Amust never become
independent of the judges they serve.@  See Interim Report, Tex. House Judicial Affairs Comm.:  Parajudicial Personnel,
67th Leg., p.20 (1979) (recommending use of masters in family courts but
warning that widespread use of commissioners in California led to inadequate
review by judges).  The use of masters expanded beyond family law and into tax
law A. . . to relieve
the [referring] court by handling routine hearings or to bring specialized
knowledge to complicated situations.@  House Comm. on Ways & Means, Bill Analysis,
Tex. H.B. 1625, 68th Leg., R.S. (1983).  Masters were never intended as a means
of replacing trial judges, and Athey must never diminish the quality of
justice available to our citizens . . .@  Interim Report, Tex. House Judicial Affairs Comm.:  Parajudicial Personnel,
67th Leg., p.20 (1979).  Therefore, although the trial court is limited to hearing
evidence de novo only as to those specific issues appealed, this does not mean
the trial court lacks jurisdiction to hear evidence beyond this scope,
and any judgment issued that may be based on such evidence is not void.  See,
e.g., Godwin, 961 S.W.2d at 221 (finding statutory provision mandating
hearing in referring court within 45 days upon a party=s filing a proper
notice of appeal provides party a mechanism with which to compel referring
court to hear appeal promptly and does not deprive court of jurisdiction over
appeal).

Appellants suggest that once an appeal has been filed, the
referring court must accept the master=s report on all
unchallenged findings and issues.  Certainly, this was not the legislature=s intent.  A party
may not appeal a single recommendation and, by so doing, compel the
trial court to accept the master=s opinion on all
remaining issues.








Because Hebisen never appealed from Landrum=s report, he
contends the referring court could not conduct a de novo review of his tax
liability.  We find no merit in this argument.  First, by his general notice of
appeal, Hennigan virtually mandated that the referring court conduct a trial de
novo on the entire matter, and Hebisen was notified of the date of this de novo
hearing.  Second, he knew CCISD=s appeal subjected him to potential
liability for 2002 and 2003 tax years.  As the referring court, the trial judge
never lost jurisdiction over the case.  The court could consider and rule upon
any aspect of the case whether appealed or not.  Of course, Hebisen could have
appeared at the de novo hearing and protected his due process rights by
objecting to any evidence he believed exceeded the scope of appeal.  However,
absent a timely objection and ruling, we will not consider a party=s argument that
evidence before the referring court was beyond its scope on appeal.[10] 
Tex. R. App. P. 33.1.  Moreover,
until a final, appealable, order was signed, none of the issues were resolved
and all parties not nonsuited from the case had a duty to (1) be present at the
de novo hearing, (2) ensure a record was made in order to pursue an appeal, and
(3) defend their claims or risk default.  See, e.g., Godwin,
961 S.W.2d at 221 (explaining trial de novo is a new and independent action
characterized by all the attributes of an original civil action).  We find this
is true even when trial de novo is limited to only a few issues.  See,
e.g., Attorney Gen. of Tex. v. Orr, 989 S.W.2d 464, 469 (Tex.
App.CAustin 1999, no pet.)
(holding in family law context that when party files notice of appeal from
associate judge=s report, a decision on the merits must be
made as if no proceedings had occurred before the associate judge and if
appealing party defaults the referring court should proceed to the extent
required in a post‑answer default.). 

Appellants also cite the trial court=s judgment stating
February 13, 2004 as the date the case was Acalled,@ and urge Aappellees= [sic] may not now
impeach the date on which the court based its decision.@  CCISD argues the
judgment=s statement that
trial was held on February 13, 2004, is a mere clerical error, and does not
indicate what evidence the court relied upon.  We agree.[11]








Public policy favors the validity of judgments.  Vickery,
5 S.W.3d at 251 (Tex. App.CHouston [14th Dist.] 1999, pet. denied). 
Therefore, we apply the presumption that a judge has conscientiously performed
his or her duty in inverse relation to the amount of knowledge made available
to this court.  Id.  Where there is no reporter=s record and no
findings of fact, we assume the trial court heard sufficient evidence to make
all necessary findings in support of its judgment.  Id.  Therefore,
while appellants may properly challenge the legal sufficiency of evidence
supporting the trial court=s judgment against them, they cannot
prevail in any evidentiary challenge without first meeting their burden of
presenting a sufficient record on appeal.  Schafer v. Conner, 813 S.W.2d
154, 155 (Tex. 1991) (per curiam); Englander Co. v. Kennedy, 428 S.W.2d
806, 806B07 (Tex. 1968)
(per curiam); Roob v. Von Beregshasy, 866 S.W.2d 765, 766 (Tex. App.CHouston [1st
Dist.] 1993, writ denied).  Because there is no record of the de novo hearing
before the trial court, we must assume the missing record contains sufficient
evidence to support the trial court=s judgment.  We
overrule each of appellants= no-evidence issues.  The district court=s judgment is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Majority and Concurring Opinions filed October 10, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.  (Frost, J., concurring).









[1]  CCISD sued Hennigan, Hebisen, Freddie Fraser, Delia
Stephens, Cynthia Hooper, and Clear Lake Nasa L.P. (AClear Lake@),
the organization that leased the commercial office space to Hennigan.  Clear
Lake filed a cross-claim against Hennigan and a counterclaim against CCISD; the
cross-claim was nonsuited.  Hennigan filed a cross-action against Galveston
County Appraisal District (AGCAD@); the cross-action was nonsuited.  Fraser was
nonsuited from the case.  The trial court entered a take-nothing judgment in
favor of Stephens and Hooper from which the taxing authorities do not appeal.  
Although the trial court does not specifically address Clear Lake in its
judgment, Aall parties named in any pleadings filed by any party
and not included in the judgment@
were dismissed, and Clear Lake is not a party to this appeal.





[2]  The following Harris County agencies are appellees
in this cause:  Harris County Education Department, Port of Houston of Harris
County Authority, Harris County Flood Control District, and Harris County
Hospital District.  We refer to them collectively as AHarris County.@ 
However, only CCISD, filed an appellate brief.





[3]  CCISD was the only taxing authority to seek and
obtain delinquent taxes for 1998.





[4]  Subsection (c) provides A[a]ll appeals to the referring court shall be in
writing specifying the findings and conclusions of the master that are objected
to and the appeal shall be limited to those findings and conclusions.@  Tex. Tax Code
Ann. ' 33.74(c) (Vernon 2001).  Subsection (d) continues:  AOn appeal to the referring court, the parties may
present witnesses as in a hearing de novo only on the issues raised in the
appeal.@  Id. '
33.74(d).  Section 33.74(i) states:

The failure to appeal to the referring court, by
waiver or otherwise, a tax master=s report that is approved by the
referring court does not deprive any party of the right to appeal to or request
other relief from a court of appeals or the supreme court.

Id. ' 33.74(i). 





[5]  Tex. Tax Code
Ann. ' 33.74(c); see also In re E.M., 54 S.W.3d 849,
852 (Tex. App.CCorpus Christi 2001, no pet.) (finding failure to
specify challenged findings or conclusions of associate judge in appeal to
referring court as required by statute deprived appellant of right to hearing
de novo in referring court).  





[6]  Hennigan=s
notice of appeal stated, in pertinent part:

Defendant
specifically appeals the legal conclusion (recommendation) that the Plaintiffs
are entitled to the foreclosure of any tax lien.  Based on the factual findings
made by the tax master, Plaintiff=s
[sic] are not entitled to the foreclosure of any alleged tax lien.





[7]  Although we recognize the Tax Code specifically
forbids the appointment of masters under Texas Rule of Civil Procedure
171, we find this caselaw persuasive in light of the Tax Code=s silence on this issue.  Tex. Tax Code Ann. '
33.78.





[8]  Hebisen=s
failure to appeal a favorable recommendation is understandable and expected. 
It does not, however, place him within the ambit of Tax Code section 33.74(i)
because (1) the trial court did not approve the tax master=s report and (2) a notice of appeal to the referring
court was timely filed which raised issues potentially involving
Hebisen, namely his tax liability for the 2002 and 2003 tax years.  Tex. Tax Code Ann. ' 33.74(i).





[9]  Although we have found no caselaw interpreting the
above-mentioned Tax Code provisions, we find these provisions are clear and
unambiguous on their face.  See McIntyre v. Ramirez, 109 S.W.3d
741, 745 (Tex. 2003) (quoting Tex. Dep=t of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002)) (stating primary
objective when construing a statute is to give effect to legislature=s intent and courts interpret statute according to its
plain meaning if language is unambiguous).  A district court may refer
delinquent tax suits to a tax master, who is then authorized to conduct
evidentiary proceedings and recommend a final judgment.  Tex. Tax Code Ann. ' 33.71.  Any party may secure a de novo hearing on
specific issues before the referring court by timely filing a notice of appeal
of the master=s report.  Id. ' 33.74(a), (c)B(d).  The Tax Code limits the hearing de novo in the
referring court to those findings and conclusions specifically appealed in
writing.  Id. ' 33.74(c)B(d). 
It also allows for appeal to a higher court when (1) a party has failed to
appeal to the referring court and (2) the referring court has approved the tax
master=s report.  Id. ' 33.74(i); see id. '
33.75 (stating the master=s findings and recommendations become the decree of
the court if there is no appeal to the referring court once that court signs a
decree or order conforming to the master=s
report); Loera v. Interstate Inv. Corp., 93 S.W.3d 224, 229 n.4 (Tex.
App.CHouston [14th Dist.] 2002, pet. denied) (noting
failure to appeal tax master=s report to
referring court does not preclude review by appellate court).  The Tax Code
provides that a referring court is not bound by the tax master=s recommendations.  See Tex. Tax Code Ann. '
33.73 (stating trial court may confirm, modify, correct, reject, reverse, or
recommit master=s report as it deems proper unless written notice of
appeal to the referring court has been made).





[10]  Although appellants argue the scope of the trial
court=s authority in the de novo hearing was limited to
particular issues, they do not attack the validity of the trial court=s judgment on grounds the court exceeded its authority
at the de novo hearing.  The argument they make, however, is at odds with their
issues presented.  Although they seek to undermine the trial court=s judgment on grounds it lacks evidentiary support,
they essentially argue they are properly appealing issues never presented to
the trial court.  These particular issuesCinsufficient
evidenceCdo not need to be preserved before the referring court
to be heard on direct appeal here.  Tex.
R. App. P. 33.1(d) (allowing that a party may always appeal the
sufficiency of evidence supporting a trial court=s judgment in nonjury cases).  However, appellants must present a
sufficient record for our review or their claims will necessarily fail.  Vickery
v. Comm=n for Lawyer Discipline, 5 S.W.3d 241, 251 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).  





[11]  The judgment=s
recitation of the date the case was Acalled@ does not give rise to the conclusion that it was
based solely on evidence entered on that date, and any contention otherwise is
untenable, especially in light of the docket sheet notation that the court
heard evidence on July 15th.  We indulge Aall
presumptions consonant with reason@ in
order to uphold the binding effect of the trial court=s judgment.  Vickery, 5 S.W.3d at 251 (quoting Jackson
v. Slaughter, 185 S.W.2d 759, 761 (Tex. App.CTexarkana 1944, writ ref=d
w.o.m.)).  We will not, therefore, entertain appellants= attempt to benefit from a trial court=s clerical error by providing only a partial record to
this court on appeal.