Opinion issued October 22, 2009









                   












 In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00551 -CV




JENNIFER GILLUM, Appellant

V.

HARRIS COUNTY, HARRIS COUNTY HOSPITAL DISTRICT, HARRIS
COUNTY FLOOD CONTROL DISTRICT, PORT OF HOUSTON
AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY EDUCATION
DEPARTMENT, THE CITY OF HOUSTON, HOUSTON INDEPENDENT
SCHOOL DISTRICT, AND THE HOUSTON COMMUNITY COLLEGE
SYSTEM , Appellees





On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2005-42181




MEMORANDUM OPINION

          In this ad valorem property tax case, appellant, Jennifer Gillum, appeals from
the trial court’s judgment awarding to appellees, Harris County, Harris County
Hospital District, Harris County Flood Control District, Port of Houston Authority
of Harris County, Harris County Education Department, the City of Houston, Houston
Independent School District, and the Houston Community College System
(collectively, “the taxing units”), delinquent ad valorem taxes, interest, and penalties
on property owned by Gillum. 
          On appeal, Gillum contends that (1) “[i]f the appeal to the referring court was
by trial de novo, then the referring court misplaced the burden of proof”; (2) “[i]f the
appeal to the referring court was by trial de novo, then there was no evidence
produced to support the judgment”; and (3), “[i]n the alternative, if the appeal to the
referring court was by the substantial evidence rule, then the case should be remanded
to the referring court for a new trial, because the exhibits were lost.”
          We affirm.
 
 
 
Summary of Facts and Procedural History
          On June 30, 2005, the taxing units filed suit against Gillum, Jack Laviage, and
Albert Holly


 to collect delinquent ad valorem taxes that had accrued from 1989 to
2004 on real property owed by Gillum. The subject property, Lot 6 in Block 74 of
Riverside Terrace, Harris County, has a market value of $75,000.


 
          After the Tax Master recommended judgment in favor of the taxing units,
Gillum appealed the recommendation to the referring court, the 157th District Court
of Harris County. 
          At a hearing before the referring court, Gillum objected to the Tax Master’s
recommendation on the ground that there had not been “a proper allocation of the
taxes owed, taxes paid and what the balance is.” Gillum explained that, in 1993, she
had been “ordered to pay taxes from 1989 through 1991 and as a result of that
judgment she entered a payment schedule to pay those taxes.” Gillum stated that,
although she had paid the taxes as agreed, the taxing units were still requesting
payment of taxes for those years. The trial court asked if there had been a judgment
in place for those years. Gillum responded there had been a judgment, but that was
vacated in 2006. Gillum did not produce any evidence of such prior judgment,
settlement agreement, or payment.
          The taxing units responded that a judgment had been vacated and that the taxes
were “put back to the tax roll as if they were never adjudicated or paid,” but that
Gillum’s payments had been “reapplied . . . to [Gillum’s] satisfaction.” The taxing
units maintained that the amounts stated in their proposed judgment remained “due
and delinquent.” The taxing units offered as their evidence a certified copy of the tax
statement governing the subject property for years 1989 through 2007. 
          Gillum objected to the admission of the tax statement on the basis that it
contained amounts outside the pleadings. The taxing units responded that the only
thing that had changed from that which had been submitted to the Tax Master was the
amount of the interest, which was continuing to accrue, as statutorily permitted. The
trial court admitted the certified tax statement as Exhibit 1.


 
          The following colloquy then transpired:
          COURT:     [Gillum], is there any evidence you wish to present?
          [Gillum]:     We presented—may I ask the Court if the file from
the Tax Master has come up?
          COURT:     Yes . . . with all exhibits.
          [Gillum]:     With all exhibits, we do not have anything in addition to
those exhibits. May I respond to the statements [the taxing
units] made? He has said that the payments were reapplied
at my request. That is not true, Your Honor. I have been
trying to for years to get [the taxing units] to understand
that initially the payments [Gillum] made were applied to
the tax years ‘81, ‘82, ‘83, ‘84 and which was not—which
was wrong. She made payments in 1991 and they were
making those payments retroactive to ‘81 and ‘82.
And I explained to the Tax Master and to [the taxing units]
that those taxes were paid. And we had a judgment in 1993
that said that the taxes owed through 1991 was a certain
amount, those taxes had been paid and that the payments
that [Gillum] made in 1994 should have been applied to the
judgment, first to pay off the judgment and then to future
tax years.
[Gillum] has made over $15,000 in payments and from
none of their pleadings or the judgment can we find where
those credits have been made. . . .”

 
Gillum produced no evidence of such prior payments to rebut the taxing units’
certified tax statement. 

          The trial court held in favor of the taxing units, awarding delinquent taxes,
penalties, and interest to each taxing unit pursuant to a table of values covering tax
years 1989 to 2007. The judgment specified that, for tax years 1998 and prior, Gillum
was to be considered an in rem defendant only. The trial court ordered that liens be
placed on the subject property to secure payment of the judgment and ordered that the
subject property be sold in satisfaction thereof.

          On appeal, Gillum does not dispute that she owes taxes on the subject property. 
She complains that the taxing units have refused to “to give her credit for over
$15,000 in payments she has made in satisfaction of the Settlement Agreement for
Payment of Delinquent Taxes” that she entered into with the taxing units “and on
payments she has made after the Settlement Agreement [was] satisfied.” Gillum
complains that the taxing units have “ignored the Settlement Agreement,” and “have
assessed delinquent taxes which pre-dated the Settlement Agreement and have added
interest and penalties on taxes” that were paid but were not credited. Gillum asks 
that this court reverse and render judgment that the taxing units take nothing or, in the
alternative, that we remand for a new trial.

          The taxing units object to Gillum’s assertions on the basis “that they are
conclusory in nature, untrue, and unsupported by any reference to the record on
appeal.”

Burden of Proof and No Evidence

          In her first and second issues, Gillum contends that “the referring court
misplaced the burden of proof” and that “there was no evidence produced to support
the judgment” in favor of the taxing units. 

 
 
A.      Standard of Review and Principles of LawAt any time after its tax on property becomes delinquent, a taxing unit may file
a suit to foreclose the lien securing payment of the tax. Tex. Tax Code Ann.
§ 33.41(a) (Vernon 2008). In delinquent tax suits, as here, the court may appoint a
master to perform the duties required by the court. Tex. Tax Code Ann. § 33.71(a)
(Vernon 2008). At the conclusion of a hearing by the master that results in a
recommendation of a final judgment or on the request of the referring court, the
master shall transmit to the referring court all papers relating to the case, including
the master’s signed and dated report. Tex. Tax Code Ann. § 33.72(a) (Vernon
2008). A party is entitled to a hearing in the referring court by timely filing an appeal
of the master’s recommendation. Tex. Tax Code Ann. § 33.74(a) (Vernon 2008). 
An appeal to the referring court must be in writing and must specify the findings and
conclusions of the master that are objected to and “the appeal shall be limited to those
findings and conclusions.” Id. 33.74(c). As to the issues appealed from the tax
master’s recommendations, the referring court is limited to hearing evidence de novo. 
See Hebisen v. Clear Creek Indep. Sch. Dist., 217 S.W.3d 527, 531–32 (Tex.
App.—Houston [14th Dist.] 2006, no pet.); Godwin v. Aldine Indep. Sch. Dist., 961
S.W.2d 219, 221 (Tex. App.—Houston [1st Dist.] 1997, no writ); see also Tex. Tax
Code Ann. § 33.74(d). 

 
          In a trial de novo, the reviewing court shall try each issue of fact and law in the
manner that applies in other civil suits. Tex. Gov. Code Ann. § 2001.173 (Vernon
2008); PR Inv. & Specialty Retailers Inc. v. State, 251 S.W.3d 472, 476 (Tex. 2008);
Godwin, 961 S.W.2d at 221. A trial de novo is not an appeal, but a new, independent
action that retains all the attributes of the original action in the reviewing court. See
Godwin, 961 S.W.2d at 221. Thus, the burden of proof remains on the proponent of
the action. See id. 

          In an action for delinquent taxes, once the taxing authority meets its initial
burden to show that taxes are due and delinquent, such as through the introduction
of delinquent tax records, the burden switches to the taxpayer to introduce competent
evidence to invalidate the assessments. Amoroso v. Aldine Indep. Sch. Dist., 808
S.W.2d 118, 120–21 (Tex. App.—Houston [1st Dist.] 1991,writ denied).

          The only record appropriate for our review of Gillum’s appeal is the record
from the de novo hearing in the referring court. Hebisen, 217 S.W.3d at 532.

B.      Analysis: No Evidence Supports the Trial Court’s Judgment

          In her second issue, Gillum contends that “there was no evidence produced to
support the judgment” in favor of the taxing units. 

          When reviewing a “no evidence” point of error, the evidence is viewed in light
most favorable to the verdict and every reasonable inference must be indulged that
supports it. Kroger Co. v. Persley, 261 S.W.3d 316, 318 (Tex. App.—Houston [1st
Dist.] 2008, no pet.) (citing Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001)). A
no-evidence issue will be sustained when the record discloses that (1) there is a
complete absence of evidence of a vital fact, (2) the court is barred by rules of law or
of evidence from giving weight to the only evidence offered to prove a vital fact, (3)
the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the
evidence conclusively establishes the opposite of the vital fact. Id. at 318–19;
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998). A “no
evidence” challenge fails if there is more than a scintilla of evidence to support the
finding. Browning-Ferris, Inc. v. Reyna, 865 S.W.3d 925, 928 (Tex. 1993). “When
the evidence offered to prove a vital fact is so weak as to do no more than create a
mere surmise or suspicion of its existence, the evidence is not more than a scintilla
and, in legal effect, is no evidence.” Persley, 261 S.W.3d at 319. More than a
scintilla of evidence exists where the evidence supporting the finding, as a whole,
rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions. Id.

          Pursuant to Tax Code section 33.47(a):

In a suit to collect a delinquent tax, the taxing unit’s current tax roll and
delinquent tax roll or certified copies of the entries showing the property
and the amount of the tax and penalties imposed and interest accrued
constitute prima facie evidence that each person charged with a duty
relating to the imposition of the tax has complied with all requirements
of law and that the amount of tax alleged to be delinquent against the
property and the amount of penalties and interest due on that tax as
listed are the correct amounts. 

 
Tex. Tax Code Ann. § 33.47(a). Once the taxing unit introduces these records, it
establishes a prima facie case as to every material fact necessary to establish its cause
of action and creates a rebuttable presumption that the taxing entity has taken all
actions necessary to obtain legal authority to levy the tax. Aldine Indep. Sch. Dist.
v. Ogg, 122 S.W.3d 257, 264 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see also
Excel Auto & Truck Leasing LLP v. Alief Indep. Sch. Dist., 249 S.W.3d 46, 50 (Tex.
App.—Houston [1st Dist.] 2007, pet. denied). “The presumption created by section
33.47 disappears if and when the taxpayer meets its burden of producing competent
evidence to justify a finding against the presumed fact.” Ogg, 122 S.W.3d at 264. 

          Here, Gillum contends that the taxing units “made no effort to produce the
current tax roll and delinquent tax roll or certified copies of the entries showing the
property and the amount of tax penalties imposed and accrued interest.” This
argument, however, is contradicted by the record. The transcript of the hearing in
the referring court reflects that the taxing units introduced certified tax statements for
years 1989 through 2007, indicating the taxes Gillum owed, with penalties and
interest accruing until paid. This evidence established the taxing units’ prima facie
case and constituted more than a scintilla of evidence to support the trial court’s
judgment. See Tex. Tax Code Ann. § 33.47(a); Ogg, 122 S.W.3d at 264; Persley,
261 S.W.3d at 319. 

          Accordingly, Gillum’s second issue is overruled.

C.      Analysis: Burden of Proof

           In her first issue, Gillum contends that the referring court erroneously placed
the burden on her because the court began the hearing by calling her to present her
case rather than calling the taxing units to present their case. The record, however,
indicates the contrary. The transcript of the hearing reflects that, at the beginning of
the hearing, Gillum outlined her objections to the Tax Master’s recommendations. 
The court stated that Gillum was simply repeating what was stated in her notice of
appeal and asked if she would proceed with anything other than that in her notice. 
Gillum answered that she did not have anything to add. The taxing units then
introduced into evidence a certified copy of delinquent tax statements for tax years
1989 through 2007, including penalties and interest accruing until paid. The court
then asked Gillum if she wished to produce any evidence. Gillum asked whether the
files from the Tax Master had “come up” and indicated that she had nothing in
addition to those exhibits. 

 
          Hence, the record reflects that once the taxing authority met its initial burden
to show that taxes were due and delinquent, Bryan Indep. Sch. Dist. v. Lamountt, 726
S.W.2d 192,193 (Tex. App.—Houston [14th Dist.] 1987, no writ), the burden shifted
to Gillum to introduce competent evidence to invalidate the assessments. See Ogg,
122 S.W.3d at 264. Although Gillum argued at the hearing that she had already paid
a portion of the taxes being sought, Gillum offered no evidence to support her
contentions. Because Gillum failed to rebut the taxing units’ prima facie case, the
trial court properly held in favor of the taxing units.

          Accordingly, we overrule Gillum’s first issue. 

Substantial Evidence

          In her third issue, Gillum contends that, “[i]n the alternative, if the appeal to
the referring court was by the substantial evidence rule, then the case should be
remanded to the referring court for a new trial, because the exhibits were lost.”
Because we established supra that Gillum’s appeal to the referring court was by trial
de novo, her contention that section 33.74 of the Tax Code created a “hybrid
substantial evidence appeal” is without merit. Substantial evidence review applies
only if the law governing the agency does not specify the scope of judicial review. 
Tex. Gov’t Code Ann. §§ 2001.172, .174, .175. 

Accordingly, we overrule Gillum’s third issue.

 
Conclusion

          We affirm the judgment of the trial court. 

 




                                                             Laura Carter Higley

                                                             Justice

 
Panel consists of Justices Jennings, Higley, and Sharp.