**Ex Parte Richard BROWN, Relator.**

**No. 2–94–031–CV.**

Court of Appeals of Texas, Fort Worth.

May 4, 1994.

David Richards, Fort Worth, for appellant.

Loe, Warren, Rosenfield, Kaitcer & Hibbs, P.C. and Mark J. Rosenfield, Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

**OPINION**

DAY, Justice.

Richard Brown, relator, petitioned this court for a writ of habeas corpus, asking us to overturn the district court's contempt order. We deny the requested relief.

This case has an intricate procedural history. Richard and Darcy Brown, the real party-in-interest, were divorced on October 1, 1991. The divorce decree named Darcy as sole managing conservator of the parties' two minor children. The decree also permanently enjoined Richard from: (1) injuring or threatening to injure Darcy; (2) intentionally communicating with Darcy in person, in writing, or by telephone, except to arrange visitation or to notify Darcy of circumstances affecting the children's best interest; (3) entering or remaining in Darcy's residence or place of employment; or (4) interfering in any way with Darcy's possession of the children, except as permitted in the decree.

Thereafter, Darcy filed a Motion for Contempt and Motion to Modify in Suit Affecting the Parent–Child Relationship. After a hearing on that motion on August 4, 1992, the trial court entered an order entitled Agreed Orders for Modification, Contempt and to Set Terms and Conditions of Probation and Suspension (the August 1992 order). In that order, the trial court held Richard in contempt of court for 58 separate violations of the divorce decree, including failure to pay child support and violation of the permanent injunction on numerous occasions and in numerous ways. The trial court assessed Brown's punishment at 180 days in jail for *each* of the 58 acts of contempt and ordered that the periods of confinement should run concurrently.

The trial court then suspended Richard's confinement and placed him on probation for five years. Under the terms of his probation, Richard was required to pay child support, timely deliver the children to their day care center as provided in the divorce decree, and abide by the permanent injunction.

In September 1993, Darcy filed a Motion for Contempt and Motion to Revoke Suspension of Commitment, alleging Richard had failed to pay child support, failed to timely deliver the children to day care, and left numerous harassing and obscene messages on her answering machine.

After a hearing on November 29, 1993, the master for the 322nd District Court found Richard violated the terms and conditions of his probation by making harassing telephone calls to Darcy on August 14 and September 7, 8, 9, and 24, 1993. The master ordered that Richard's probation be revoked and that he be committed to jail for 180 days. The master also assessed $3,000 in costs and attorney's fees against Richard. The master did not find Richard in contempt for failure to pay child support because of evidence he lacked the ability to pay. The master temporarily reduced Richard's child support payments and ordered him to begin paying reduced support on December 3, 1993. The master also concluded the evidence was insufficient to show Richard failed to timely

deliver the children to day care at the end of each visitation.

Richard appealed the master's ruling to the district court on November 29, 1993. The district court set the appeal for hearing on December 13, 1993. On December 6, 1993, Richard's attorney filed a motion to withdraw. The motion to withdraw noted the contempt appeal hearing set for December 13 and stated that it "may be continued for Richard Brown to obtain another attorney[.]" The trial court heard and granted the motion to withdraw on December 13, 1993. No other relief was requested at the December 13 hearing.

On January 31, 1994, the trial court heard Richard's appeal from the master's recommendation. After the hearing, the trial court entered an Order Revoking Suspension and for Commitment to County Jail (the contempt order). The trial court found Richard violated the August 1992 order by: (1) failing to timely deliver the children to day care; and (2) leaving harassing messages on Darcy's telephone answering machine. The trial court also ordered Richard to pay $5,803 in costs and attorney's fees. The court then revoked Richard's probation and ordered him confined to jail for 180 days. The court ordered Richard confined further until he paid the $5,803 in costs and attorney's fees.

In his petition for writ of habeas corpus, Richard contends the contempt order is improper because: (1) the district court had no jurisdiction to rule on Richard's appeal; (2) the court improperly considered issues Richard did not appeal and made its own factual findings on matters that the master originally resolved in Richard's favor; (3) the evidence is insufficient to support the trial court's finding that Richard did not timely deliver the children to day care; and (4) the contempt order is unlawful because it confines Richard to 180 days in jail *and* requires him to remain there until he has paid the $5,803 in costs and fees.

■ A habeas corpus proceeding is a collateral attack on a contempt order, and this court may order the contemnor released only where the judgment is void because of the district court's lack of jurisdiction to render it, or because the contemnor was deprived of his liberty without due process of law. *Ex parte Helms,* 152 Tex. 480, 259 S.W.2d 184, 186 (1953). The court hearing the original habeas corpus proceeding has no jurisdiction to weigh the evidence heard by the district court to determine "whether it preponderates against the judgment." *Id.* For the reviewing court to release the relator, "the order of the district court must be absolutely void. It is not enough that the order of the court be erroneous." *Ex parte Rhodes,* 163 Tex. 31, 352 S.W.2d 249, 250 (1961).

■ Turning to the jurisdictional issue, TEX.GOV'T CODE ANN. § 54.012(h) (Vernon 1988) provides:

> The referring court, after notice to the parties, shall hold a hearing on all appeals not later than the 30th day after the date on which the initial appeal was filed with the referring court.

*Id.*

Richard contends section 54.012(h) is mandatory and that the district court did not have jurisdiction to consider his appeal of the master's recommendation after the 30–day period elapsed. No case law interpreting the nature of section 54.012(h) appears to exist.

The record shows that the trial court did hold a hearing within the 30–day period, on December 13, 1993. On that date, however, Richard and his attorney appeared and merely asked the trial court to consider the motion to withdraw. No other relief was requested. The motion to withdraw—which Richard agreed to—contained language that implied Richard desired additional time to bring his appeal.

The settings and deadlines in this case are as follows:

> 1. December 13, 1993, a contempt appeal which may be continued for Richard Brown to obtain another attorney[.]

The trial court granted the motion to withdraw and, in so doing, could logically have assumed Richard was asking for additional time in which to retain new counsel and prepare for his appeal.

We believe the language of section 54.012(h) shows its purpose is to require the prompt resolution of appeals from masters' rulings. *See id.* TEX.GOV'T CODE ANN. § 54.015 (Vernon 1988) supports our position. Section 54.015 provides that with two exceptions, a master's decisions and recommendations are in full force and effect and are enforceable pending appeal to the district court. Thus, in most situations, the party appealing the master's decision must abide by it while awaiting a hearing on appeal.

Given the purpose of section 54.012(h), we interpret the word "shall," as used in the statute, to be mandatory. It does not automatically follow, however, that a district court loses its jurisdiction if it fails to hear an appeal from a master's recommendation within 30 days after the appeal is filed. Rather, the mandatory provision affords the parties the right to compel the district court to hear the case promptly. *See State v. $435,000.00*, 842 S.W.2d 642, 644 (Tex.1992).[1] If the district court refuses, section 54.012(h) provides a basis for relief by mandamus, but not for dismissal for want of jurisdiction. *Id.* If the legislature had intended loss of jurisdiction to be the consequence of the district court's failure to hear the appeal within the prescribed period, it could easily have said so. *Id.; see and compare Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943, 945 (Tex.1956) ("If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction").

■ In this case, Richard appealed the master's recommendation that he be committed to jail for violating his probation. While that appeal was pending, Richard's attorney moved to withdraw from the case. The motion inferred that Richard would need additional time to secure other counsel. The fact that Richard did retain another lawyer shows he did not wish to pursue his appeal without one. The hearing on the appeal was held 63 days after the notice of appeal was filed. Under these circumstances, we believe the trial court acted properly to protect Richard's right to counsel at a hearing where his liberty was in jeopardy, *see* U.S. CONST. amends. VI, XIV; *Ex parte McIntyre*, 730 S.W.2d 411, 414-15 (Tex.App.—San Antonio 1987, orig. proceeding); *Ex parte Hosken*, 480 S.W.2d 18, 25 (Tex.Civ.App.—Beaumont 1972, orig. proceeding), while at the same time acting to carry out the purpose of section 54.012(h) by promptly resolving his appeal.

We conclude the district court had jurisdiction to hear Richard's appeal from the master's recommendation.

■ Richard also complains the district court improperly considered issues he did not appeal and made its own factual findings on matters that the master originally resolved in his favor. Specifically, Richard contends the district court exceeded the scope of his appeal when it considered Darcy's claim that Richard had violated his probation by failing to timely deliver the parties' children to day care on several occasions. In the alternative, Richard challenges the sufficiency of the evidence to support the trial court's finding that he did not timely deliver the children to day care.

Relying on TEX.GOV'T CODE ANN. § 54.012(d) (Vernon 1988), Darcy contends Richard's failure to specify which of the master's findings he objected to should prohibit him from now complaining that he only appealed the master's findings of telephone harassment. *See* section 54.012(d) (appeal limited to specific findings and conclusions objected to in writing).

We need not decide whether the district court exceeded the scope of Richard's appeal by considering whether he timely delivered

---

1. This court has previously addressed whether similar language in the forfeiture statute is mandatory or directory. *See State v. $4097 in U.S. Currency*, 773 S.W.2d 674, 675 (Tex.App.—Fort Worth 1989, writ denied), *overruled on other grounds by State v. 1985 Chevy PU*, 797 S.W.2d 682 (Tex.App.—Fort Worth 1990, no writ). Both *$4097* and *1985 Chevy PU* preceded the Texas Supreme Court's decision in *$435,000.00*, however. Accordingly, we will follow the ruling in *$435,000.00*

the children to day care. Richard's notice of appeal reads in pertinent part: "Comes now Richard Brown ... [and] files this his notice of appeal as to the court[']s find[ing] of contempt [and] violating previous order." The master found that Richard "violate[d] the terms [and] conditions of his Probation" by making harassing and obscene telephone calls to Darcy. Thus, at the very least, Richard appealed this finding and the master's order that Richard's probation be revoked and that he be committed to jail for the 180 days specified in the August 1984 order.

■ Proof of *any* single alleged violation of a condition of probation is sufficient to support revocation. *Robinson v. State,* 686 S.W.2d 326, 328 (Tex.App.—Houston [14th Dist.] 1985, no pet.); *Grim v. State,* 656 S.W.2d 542, 543 (Tex.App.—Corpus Christi 1983, no pet.). Notably absent from Richard's petition is a challenge to the master's and the district court's findings that he violated his probation by harassing Darcy by telephone. Since that violation, alone, supports the master's recommendation and the district court's order committing Richard to jail for 180 days, we will not grant the requested relief on the basis that the district court had no authority to consider whether Richard also violated some other condition of his probation.

■ Richard contends the district court assessed a "joint" punishment against him for multiple acts of contempt falling into one of two categories: (1) his failure to timely deliver the children to day care; and (2) his leaving harassing and obscene messages on Darcy's answering machine. Richard further contends that because the punishments were not separate, the entire contempt order must be overturned if any of the alleged acts should not have been punishable by contempt. Richard does not argue that either of the above types of violations is not punishable by contempt, however. He merely complains of the scope of the district court hearing. As we have previously noted, in August 1992, the district court ruled those two acts are punishable by contempt.

Because the harassing telephone calls are sufficient to support the contempt order revoking Richard's probation and committing him to jail for 180 days, we deem it unnecessary to consider his challenge to the sufficiency of the evidence.

■ Richard's final complaint is that the contempt order is unlawful because it "requires Relator to remain confined in the Tarrant County Jail for 180 days *and until such time as he pays the sum of $5,803 to Mark J. Rosenfield, Movant's attorney of record.*" [Emphasis in original.] This complaint is somewhat misleading. In actuality, the contempt order reads:

> IT IS ORDERED that Respondent, **RICHARD BROWN,** is committed to the custody of the sheriff of Tarrant County, Texas, to be confined, as ordered by the order suspending commitment [the August 1992 order], until Respondent has been confined and committed to the Tarrant County jail for 180 days.

> IT IS FURTHER ORDERED that Respondent, **RICHARD BROWN,** shall be further confined in the county jail of Tarrant County, Texas, until Respondent [pays $5,803 in costs and attorney's fees].

Our recitation of the pertinent language from the contempt order shows the portion of the district court's order committing Richard to jail for violating his probation is separate and distinct from the part of the order extending commitment until Richard pays the costs and attorney's fees. Richard advances no separate reason why the order of commitment for 180 days is in error. Indeed, in the August 1992 order, the district court ordered Richard to serve 180 days in jail for *each* violation of the divorce decree, including for making harassing telephone calls. We find nothing erroneous in the portion of the contempt order confining Richard to jail for 180 days for violating his probation.

■ Further, Richard's complaint about the continuing confinement until he pays the $5,803 is premature. *See Ex parte Occhipenti,* 796 S.W.2d 805, 809–10 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding). If the district court continues to confine Richard once he has served the 180 days, he may file another petition for habeas corpus. We will

consider the merits of that petition at that time.

Because the district court had jurisdiction to consider Richard's appeal from the master's recommendation and because the contempt order committing Richard to jail for 180 days is proper, we deny the relief requested in Richard's petition.