**Affirmed and Opinion filed December 22, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00119-CV

## IN THE INTEREST OF J.A.C., A CHILD

### On Appeal from the 311th District Court
### Harris County, Texas
### Trial Court Cause No. 2010-37176

## O P I N I O N

In this restricted appeal, appellant Robert Hinojosa challenges an "Order Confirming Non-Agreed Child Support Review Order." In two issues, Hinojosa contends (1) the trial court erred by signing the confirmation order later than the time period prescribed in the applicable statute, and (2) appellee The Office Of The Attorney General Of Texas ("the OAG") did not comply with the statute because it failed to timely provide Hinojosa with a copy of the confirmed child support review order and notice of his rights relative to filing a motion for new trial. We affirm.

### I. BACKGROUND

The OAG and J.A.C.'s mother negotiated a child support review order ("the CSRO"), which was designated "Non-Agreed" because Hinojosa, J.A.C.'s alleged father,

did not participate in the negotiations or sign the CSRO. The CSRO includes provisions establishing Hinojosa's paternity of J.A.C. and requiring that Hinojosa pay child support. The OAG filed a petition for confirmation of the CSRO. Although the date is not reflected in the record, Hinojosa asserts in the "Statement of Facts" section of his appellate brief, and the OAG does not dispute, that Hinojosa was served with the petition on July 9, 2010. *See* Tex. R. Civ. App. 38.1(g) (providing, in civil case, court of appeals accepts as true facts in "Statement of Facts" section of appellant's brief unless controverted by another party). On August 5, 2010, Hinojosa filed an answer, which included a general denial.

On August 10, 2010, the trial court signed an order, reciting that no request for hearing was timely filed and confirming the non-agreed CSRO. Hinojosa also asserts in his "Statement of Facts," and the OAG does not directly dispute, Hinojosa lacked "knowledge or notice" until October 14, 2010 that the trial court had signed the confirmation order. Hinojosa did not file any post-judgment motions or requests for findings of fact and conclusions of law but subsequently pursued this restricted appeal.

## II. STANDARD OF REVIEW

To prevail on a restricted appeal, an appellant must establish (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* Tex. R. App. P. 26.1(c), 30. We need not decide whether all of the first three elements are satisfied in the present case because Hinojosa has not established error apparent on the face of the record that requires reversal of the confirmation order.

## III. ANALYSIS

Chapter 233 of the Texas Family Code governs child support review orders. *See*

2

Tex. Fam. Code Ann. §§ 233.001–.029 (West 2008 and Supp. 2011). A child support review order confirmed by a court constitutes an order of the court and is enforceable by any means available for enforcement of child support obligations under the Family Code. *Id.* § 233.001(b). The procedures for confirmation vary according to whether the child support review order is agreed or not agreed. *See generally id.* §§ 233.001–.029.

When the child support review order is not agreed, as in the present case, the OAG files a petition for confirmation. *See id.* § 233.020. The clerk of court must deliver by personal service a copy of the petition and the child support review order to each party entitled to service who has not waived service. *Id.* § 233.021(c). A party may file a request for a hearing within twenty days after the petition is delivered to that party. *Id.* § 233.023. A request for hearing or an order setting a hearing stays confirmation of the order pending the hearing, which is comparable to a trial *de novo* on disputed issues. *See id.* § 233.025(a), (b).

"If a request for hearing has not been timely received, the court shall confirm and sign a nonagreed child support review order not later than the 30th day after the date the petition for confirmation was delivered to the last party entitled to service." *Id.* § 233.0271(a). Additionally, the OAG "shall immediately deliver a copy of the confirmed nonagreed review order to each party, together with notice of right to file a motion for a new trial not later than the thirtieth day after the date the order was confirmed by the court." *Id.* § 233.0271(b).

A. **Untimely Signing of Confirmation Order**

As Hinojosa acknowledges, he did not timely request a hearing because he filed his answer more than twenty days after the confirmation petition was delivered to him and the record includes no separate request for a hearing made within this twenty-day period. *See id.* § 233.023; *see also id.* § 233.022(a) (providing that a court shall consider any responsive pleading which is intended as an objection to confirmation of a non-agreed child support review order, including general denial, as request for a hearing). In his first issue, Hinojosa contends the trial court violated section 233.0271(a) because it signed the confirmation order more than thirty days after the petition was delivered to

3

Hinojosa.[1]  *See id.* § 233.0271(a).

Hinojosa does not urge any specific consequences of the trial court's failure to sign the confirmation order within the thirty-day period but apparently suggests the order is automatically void.  However, we adopt the reasoning employed by the First Court of Appeals, as set forth below, when it rejected an identical complaint as an issue of first impression in *In Re Office of the Attorney General of Texas*, 264 S.W.3d 800, 807–09 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding).

When construing a statute, "'[o]ur primary goal is to ascertain and effectuate the Legislature's intent.'"  *Id.* at 807 (quoting *Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 237 (Tex. App.—Houston [1st Dist.] 2003, no pet.)); *see also F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007).  "'[W]e begin with the statute's plain language because we assume that the Legislature tried to say what it meant and, thus, that its words are the surest guide to its intent.'"  *Attorney Gen.*, 264 S.W.3d at 807 (quoting *Cardinal Health*, 106 S.W.3d at 237–38); *see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999).

The word "shall," as used in section 233.0271(a) when prescribing a court's duty to sign a confirmation order within the applicable thirty-day period, generally indicates mandatory action.  *Attorney Gen.*, 264 S.W.3d at 807 (citing Tex. Gov't Code Ann. § 311.016(2) (West 2005); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001)); *see also* Tex. Fam. Code Ann. § 233.0271(a).  However, "'[e]ven if a statutory requirement is mandatory, this does not mean that compliance is necessarily jurisdictional.'"  *Attorney Gen.*, 264 S.W.3d at 807 (quoting *Wilkins*, 47 S.W.3d at 494).  Stated differently, "'the issue is not whether 'shall' is mandatory, but what consequences

---

[1] On August 9, 2010, the trial court signed an order reciting that a request for hearing had been timely filed and setting the hearing for October 14, 2010.  However, the trial court apparently then realized this recitation was incorrect because the next day, the court signed its confirmation order, reciting that no request for hearing was timely filed.  Appellant raises no appellate issue regarding the court's incorrect recitation in the August 9, 2010 order or the effect of its setting a hearing and then implicitly withdrawing the setting by signing the confirmation order.  Instead, he acknowledges the trial court was not required to hold a hearing but contends it was required to sign the order within thirty days after the petition was delivered to appellant.

4

follow a failure to comply.'" *Id.* (quoting *State v. $435,000.00*, 842 S.W.2d 642, 644 (Tex. 1992)). Therefore, courts "'have historically looked to two factors to determine if the Legislature intended a provision to be jurisdictional: (1) the presence or absence of specific consequences for noncompliance . . . and (2) the consequences that result from each possible interpretation. . . .'" *Id.* (quoting *Wilkins*, 47 S.W.3d at 495).

Section 233.0271(a) does not state whether it is jurisdictional. *Id.* (citing Tex. Fam. Code Ann. § 233.0271(a)). Further, Section 233.0271 does not provide any consequence for failure to sign a confirmation order within thirty days after delivery of the confirmation petition. *Id.* (citing Tex. Fam. Code Ann. § 233.0271(a)). Specifically, there is no corresponding provision in section 233.0271 or elsewhere in Chapter 233 requiring dismissal of the confirmation proceeding for noncompliance with the thirty–day requirement. *Id.*; *see generally* Tex. Fam. Code Ann. § 233.001–.029.

Interpreting similar statutes prescribing expedited timelines for trial court action, other appellate courts have held that deadlines such as the requirement in section 233.0271(a) are mandatory, but not jurisdictional, when the statute is silent regarding consequences of failure to comply. *See Attorney Gen.,* 264 S.W.3d. at 807-08 & n.4 (citing the following: *Charlton v. State*, 334 S.W.3d 5, 10–11 (Tex. App.—Dallas 2008, no pet.) (interpreting Texas Family Code section 233.024, which requires court to sign agreed child support review order not later than the third day after its filing with court); *$435,000.00*, 842 S.W.2d at 644 (interpreting former forfeiture statute relative to seized property from drug transactions, which required that "a time for hearing on forfeiture shall be set within 30 days" of claimant's answer); *In re E.D.L.*, 105 S.W.3d 679, 688 (Tex. App.—Fort Worth 2003, pet. denied) (interpreting Texas Family Code section 262.201(a), which expresses that full adversary hearing on custody of child "shall be held not later than the 14th day after" governmental entity takes possession); *Fountain v. Knebel*, 45 S.W.3d 736, 739 (Tex. App.—Dallas 2001, no pet.) (interpreting Texas Family Code section 201.015(f), which requires referring court to hold hearing on appeal from associate judge's ruling in suit affecting parent-child relationship within thirty days

after request for hearing is filed); *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.) (same); *Honts v. Shaw*, 975 S.W.2d 816, 820 (Tex. App.—Austin 1998, no pet.) (interpreting Texas Election Code section 232.012(d), which provides that judge shall set election contest for trial "for a date not later than the fifth day" after due date for contestee's answer); *Godwin v. Aldine Indep. Sch. Dist.*, 961 S.W.2d 219, 221 (Tex. App.—Houston [1st Dist.] 1997, writ denied) (interpreting Texas Tax Code section 33.74(g), which requires referring court to hold hearing on appeal from master's ruling within forty-five days after appeal is filed); and *Ex parte Brown*, 875 S.W.2d 756, 760 (Tex. App.—Fort Worth 1994, orig. proceeding) (interpreting predecessor to Texas Family Code section 201.015(f), which required referring court to hold hearing on appeal from associate judge's ruling within thirty days after appeal was filed)).

The underlying reasoning for these holdings "is that, had the Legislature intended for the statutory deadline to be jurisdictional, it could have provided such a consequence, but did not." *See id.* at 808 (citing *$435,000.00*, 842 S.W.2d at 644; *Brown*, 875 S.W.2d at 760). These courts concluded that an affected party may seek mandamus relief if the required judicial action is not performed within the statutorily-mandated period but the trial court does not lose subject-matter jurisdiction to act. *Id.* (citing *$435,000.00*, 842 S.W.2d at 644–45; *In re E.D.L.*, 105 S.W.3d at 688; *Fountain*, 45 S.W.3d at 739; *Harrell*, 986 S.W.2d at 631; *Godwin*, 961 S.W.2d at 221; *Brown*, 875 S.W.2d at 760).

The same reasoning applies when a trial court does not sign an order confirming a non-agreed child support review order within the required thirty-day period. *See id.* Chapter 233 was designed to allow agencies such as the OAG to take expedited administrative action to establish, modify, and enforce child support obligations and determine parentage. *See id.* (citing Tex. Fam. Code Ann. § 233.001(a)). This purpose is not "well-served" if the trial court must dismiss any confirmation petition that is not heard within the required time, requiring the OAG to reinstitute the proceedings. *Id.* (citing *Charlton*, 334 S.W.3d at 11; *Honts*, 975 S.W.2d at 820). Instead, the OAG, as the party who filed the confirmation petition, may seek mandamus relief to compel a

confirmation order if the trial court fails to sign such an order within the thirty-day period; however, the OAG may also acquiesce in the later ruling without affecting the court's subject-matter jurisdiction. *See id.* at 808–09 (citing *Harrell*, 986 S.W.2d at 631, in which court stated that party had right to pursue mandamus relief from trial court's failure to hold hearing on appeal from associate judge's ruling within statutorily-mandated period but was also entitled to acquiesce in later trial setting.).

Accordingly, in the present case, the trial court's late confirmation order did not deprive the court of subject-matter jurisdiction and render the order void. We overrule Hinojosa's first issue.

## B.      Lack of Notice to Hinojosa

In his second issue, Hinojosa contends the OAG violated section 233.0271(b) by failing to immediately deliver a copy of the confirmed CSRO to Hinojosa together with notice of his right to file a motion for a new trial within thirty days after the CSRO was confirmed. *See* Tex. Fam. Code Ann. § 233.0271(b).

The record does not reflect that the OAG failed to comply with section 233.0271(b). However, Hinojosa asserts in the Statement of Facts section of his appellate brief that (1) he and the child's mother appeared for the hearing originally scheduled for October 14, 2010 because they "had no knowledge or notice" a confirmation order had already been signed, and (2) later that day, the OAG's counsel informed Hinojosa's attorney the order was signed on August 10, 2010 and "the case was over." In its brief, the OAG does not directly controvert these factual assertions but states only that the record fails to support them.

Even if we accept the assertions in Hinojosa's brief as true, he has not demonstrated any harm resulting from the OAG's alleged failure to comply with section 233.0271(b). *See* Tex. R. App. P. 44.1(a) (providing that no civil judgment may be reversed on appeal unless error complained of (1) probably caused rendition of improper judgment, or (2) probably prevented appellant from properly presenting case to court of appeals); *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670

(Tex. App.—Houston [14th Dist.] 2002, no pet.) (recognizing restricted appeal affords appellant same review available in ordinary appeal, with restriction that error must appear on face of the record).

Chapter 233 is silent regarding any consequences of the OAG's failure to comply with section 233.0271(b). *See generally* Tex. Fam. Code Ann. §§ 233.001–.029. However, Hinojosa suggests that the OAG's failure to comply in this case deprived Hinojosa of his opportunity to file a motion for new trial before expiration of the court's plenary power.[2] We disagree.

In his brief, Hinojosa mentions only the OAG's failure to immediately provide a copy of the confirmed CSRO and notice of Hinojosa's right to file a motion for new trial. Hinojosa does not directly assert he lacked immediate notice from the clerk of the court that the confirmation order was signed. *See* Tex. R. Civ. P. 306a(3) (requiring clerk to immediately give notice to parties that final judgment or other appealable order has been signed). Nonetheless, the statements in Hinojosa's brief suggest he lacked any notice— from the OAG or the clerk—or actual knowledge of the signed confirmation order until October 14, 2010.

Even if Hinojosa first acquired actual knowledge on October 14, 2010 of the signed confirmation order, he was not deprived of an opportunity to file a motion for new trial. A motion for new trial must be filed within thirty days after the judgment or other appealable order is signed. *Id.* 329b(a). A court's plenary power generally expires within thirty days after the judgment or appealable order is signed if no motion for new trial is timely filed. *See id.* 329b(d). If a motion for new trial is timely filed, the court

---

[2] Appellant does not expressly assert he would have filed a motion for new trial if the OAG had complied with section 233.0271(b), much less state the substance of any such motion; however, appellant generally suggests he might have attempted via a motion for new trial to "correct a mistake" that caused his "default" in failing to timely request a hearing on the CSRO. Regardless, we disagree that the OAG's alleged failure to comply with section 233.0271(b) deprived appellant of his opportunity to file a motion for new trial. Moreover, relative to his second issue, appellant does not complain of any error by *the trial court* with respect to rendering the confirmation order. Nevertheless, we need not decide whether the OAG's alleged failure to comply with section 233.0271(b) constitutes "error" that is properly the subject of a restricted appeal because appellant has not shown any resulting harm.

8

retains plenary power until thirty days after all timely-filed motions for new trial are overruled. *Id.* 329b(e); *see also Rumscheidt v. Rumscheidt*, No. 14-09-00740-CV, --- S.W.3d ----, 2011 WL 977495, at *2 (Tex. App.—Houston [14th Dist.] Mar. 22, 2011, no pet.) (recognizing that, unless expressly provided otherwise, suits affecting parent-child relationship are governed by same rules of procedure generally applied in other civil cases).

Ordinarily, the above-cited time period in which a party may file a motion for new trial begins on the date the court signs the judgment or other appealable order. *See* Tex. E. Civ. P. 306a(1); 329b(a). However, Rule 306a prescribes a procedure for extending this period and thus the court's plenary power if a party adversely affected by the judgment or order or his attorney did not receive notice from the clerk or acquire actual knowledge of the judgment or order within twenty days after it was signed. *See id.* 306a(4), (5). In that circumstance, the time period "shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such period[] begin more than ninety days after the original judgment or other appealable order was signed." *Id.* 306a(4). To establish application of Rule 306a(4), "the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *Id.* 306a(5).

According to Hinojosa, he gained actual knowledge of the signed confirmation order sixty-five days after it was signed. Therefore, he was entitled to invoke the procedure for establishing application of Rule 306a(4). *See id.* 306a(4). There is no indication in the record, and Hinojosa does not assert, that he filed the motion required under Rule 306a(5) to establish application of Rule 306a(4). Because Hinojosa had an avenue for extending his deadline to file a motion for new trial and thus the court's plenary power, he was not harmed by the OAG's alleged failure to immediately provide a copy of the confirmed CSRO and notice of his right to file a motion for new trial.

9

Finally, in his appellate brief, Hinajosa suggests that the OAG did not inform him on October 14, 2010 of any rights relative to filing a motion for new trial because the OAG's attorney stated "the case was over." However, we cannot conclude that the OAG's statement deprived Hinajosa of his opportunity to file a motion for new trial; at that point, Hinojosa knew the confirmation order had been signed, and the procedure for extending the motion-for-new-trial deadline when a party lacks timely notice or knowledge an appealable order has been signed is outlined in the Texas Rules of Civil Procedure. *See id.* 306a(4), (5). Accordingly, we overrule Hinojosa's second issue.

We affirm the "Order Confirming Non-Agreed Child Support Review Order."


/s/    Charles W. Seymore
Justice


Panel consists of Justices Frost, Seymore, and Jamison.