

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00200-CR

_____

COURTNIE DEON BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 23082

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Courtnie Deon Brown appeals the revocation of his community supervision. On August 21, 2005, Brown pled guilty to robbery and was placed on deferred adjudication community supervision for seven years.[1] On or about December 16, 2010,[2] the trial court revoked Brown's deferred adjudication community supervision, adjudicated Brown guilty, assessed a sentence of ten years' imprisonment, probated the sentence, and placed Brown on ten years' community supervision. As a condition of community supervision, the trial court ordered Brown to serve 150 days' confinement in a state jail facility "with credit for 0 DAYS." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12 (West Supp. 2011). The jail, though, released Brown before he had finished serving the 150 days' confinement.[3] Brown also failed to report in person, as required by the terms of his community supervision, for the months of January and February 2011. In its amended motion to revoke, the State alleged Brown failed to serve the jail time ordered by the trial court and failed to "report in person" for the months of January and February

---

[1]In a companion case, also decided today, styled *Brown v. State*, cause number 06-11-00199-CR, Brown appeals the revocation of his community supervision for theft.

[2]We note the judgment contains three typewritten entries titled "Date Judgment Entered," "Date Sentence Imposed," and "Signed and entered on," each specifying a date of December 15, 2010, and handwritten corrections to December 16, 2010. The judgment, though, provided that sentence commenced December 15, 2010.

[3]Christina Gaston, the court officer for the Hunt County Community Supervision and Corrections Department, testified the jail mistakenly released Brown. The State alleges in its brief that Brown was released December 16, 2010. The record citation provided, though, does not support this allegation, and we have not been directed to where the record establishes what day Brown was released. Gaston agreed with the State that her office first contacted Brown December 17, 2010. Gaston testified her office also contacted Brown January 4, 2010, and told him to report to the jail within twenty-four hours.

2011. The trial court revoked Brown's community supervision and imposed the original sentence of ten years' imprisonment.

Brown raises two issues on appeal. Brown's first issue argues the trial court erred in revoking his community supervision for failing to serve the state jail confinement. Because neither the judgment nor the terms of community supervision specified the date the confinement was to commence or the manner in which it was to be served, Brown argues the trial court erred in delegating the terms of confinement to the community supervision department. Brown argues this was an improper delegation of a judicial function. Brown's second issue argues the trial court erred for revoking his community supervision for failing to report for the months of January and February 2010. According to Brown, the evidence he failed to report in February is insufficient because a date to report in person was never specified, and he was arrested before the end of February.

The State introduced sufficient evidence that Brown failed to report in person for the month of January 2010. Gaston testified Brown failed to report for the month of January. Brown contends this violation is too minor to support the revocation. We disagree. A trial court does not abuse its discretion to revoke a defendant's community supervision if the State presents sufficient evidence that the defendant violated at least one term of the community supervision agreement as alleged in the State's motion to revoke. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21 (West Supp. 2011); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *In re*

*T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.).   Because we have found one sufficient ground for revocation, it is unnecessary for us to consider complaints regarding the other grounds to revoke.   *Ex parte Brown*, 875 S.W.2d 756 (Tex. App.—Fort Worth 1994, orig. proceeding).

For the reasons stated, we affirm.


Josh R. Morriss, III
Chief Justice

Date Submitted:      March 15, 2012
Date Decided:        March 20, 2012

Do Not Publish