ACCEPTED
06-15-00041-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/16/2015 10:57:09 AM
DEBBIE AUTREY
CLERK

**ORAL ARGUMENT WAIVED**

CAUSE NO. 06-15-00041-CR

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

6/16/2015 10:57:09 AM

DEBBIE AUTREY
Clerk

_____

JESSICA MARIE BRIGGLE, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

ON APPEAL FROM THE 6TH JUDICIAL DISTRICT COURT
LAMAR COUNTY, TEXAS; TRIAL COURT NO. 23274;
HONORABLE ERIC CLIFFORD, JUDGE

_____

# APPELLEE'S (STATE'S) BRIEF

_____

Gary D. Young
Lamar County and District Attorney
Lamar County Courthouse
119 North Main
Paris, Texas   75460
(903) 737-2470
(903) 737-2455 (fax)

**ATTORNEYS FOR THE STATE OF TEXAS**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.2(a)(1)(A), the list of parties and counsel is not required to supplement or correct the appellant's list.

# TABLE OF CONTENTS

**PAGE NO.:**

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . .      i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . .      ii

INDEX OF AUTHORITIES   . . . . . . . . . . . . . . . . . . . . . . . .      iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . .      iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . .      vi

ISSUE PRESENTED IN REPLY. . . . . . . . . . . . . . . . . . . . . .      viii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . .      2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . .      4

ARGUMENT AND AUTHORITIES

       **SOLE ISSUE PRESENTED IN REPLY:   THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN REVOKING THE APPELLANT'S COMMUNITY SUPERVISION BECAUSE UNOBJECTED-TO HEARSAY CONSTITUTED SUFFICIENT EVIDENCE IN SUPPORT OF AN ORDER REVOKING COMMUNITY SUPERVISION, AND THE TRIAL COURT COULD HAVE REASONABLY FOUND FROM STATE'S EXHIBIT 1 THAT BRIGGLE VIOLATED A CONDITION OF HER COMMUNITY SUPERVISION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      5

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      9

**PAGE NO.:**

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . .          10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . .          10

# INDEX OF AUTHORITIES

**CASES:**                                                                  **PAGE:**

*Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim.
    App. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

*Ex parte Brown*, 875 S.W.2d 756, 761 (Tex. App.--Fort
    Worth 1994, orig. proceeding) . . . . . . . . . . . . . . . . . .     6

*Fernandez v. State*, 805 S.W.2d 451, 455-56, 457 n. 1 (Tex.
    Crim. App.1991) (Baird, J., concurring) . . . . . . . . . . .     7

*Frazier v. State*, 600 S.W.2d 271 (Tex. Crim. App. 1979). . .     7

*Garcia v. State*, 880 S.W.2d 497, 500 (Tex. App.--Corpus
    Christi 1994, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . .     7

*In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.--Texarkana
    2003, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     5,6,8

*Jones v. State*, 112 S.W.3d 266, 269 (Tex. App.--Corpus
    Christi 2003, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . .     7

*Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.--
    Texarkana 2011, no pet.) . . . . . . . . . . . . . . . . . . . . . . .     5,6,8

*Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.--Texarkana
    2011, pet. ref'd) (Justice Moseley) . . . . . . . . . . . . . . . .     6

*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App.
    [Panel Op.] 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

*Rickels v. State*, 202 S.W.3d 759, 763, 764 (Tex. Crim.
    App. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     5,6,8

*Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim.
    App. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

**STATUTES:** **PAGE**:

TEX. R. APP. P. 33.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,8

TEX. R. APP. P. 38.2(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . i

# STATEMENT OF THE CASE

This is a revocation case.

After the trial court placed Briggle on community supervision for four counts of forgery of a financial instrument (CR, pgs. 30-31), the State moved for an adjudication of guilt. *See* CR, pgs. 57-58. Upon the conclusion of a revocation hearing, the trial court revoked Briggle's community supervision and found her guilty of forgery of a financial instrument, Counts 1, 2, 3 and 4. *See* RR, Vol. 3, pg. 66. The trial court then sentenced Briggle to 24 months confinement in the Texas Department of Criminal Justice but suspended that sentence "to place her on probation." *See* RR, Vol. 3, pg. 66. The trial court required Briggle "to attend and successfully complete the SAFP program and any aftercare that is required." *See* RR, Vol. 3, pg. 66.

From the trial court's separate judgments adjudicating guilt as to each count (CR, pgs. 74-75, 76-77, 78-79, 80-81), Briggle timely filed her notice of appeal. *See* CR, pg. 73. By this appeal, Briggle brought a single issue.

## STATEMENT REGARDING ORAL ARGUMENT

The State of Texas will waive oral argument. *See* Tex. R. App. P. 38.1(e), 38.2(a)(1).

## SOLE ISSUE PRESENTED IN REPLY

**SOLE ISSUE PRESENTED IN REPLY:** THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN REVOKING THE APPELLANT'S COMMUNITY SUPERVISION BECAUSE UNOBJECTED-TO HEARSAY CONSTITUTED SUFFICIENT EVIDENCE IN SUPPORT OF AN ORDER REVOKING COMMUNITY SUPERVISION, AND THE TRIAL COURT COULD HAVE REASONABLY FOUND FROM STATE'S EXHIBIT 1 THAT BRIGGLE VIOLATED A CONDITION OF HER COMMUNITY SUPERVISION.

CAUSE NO. 06-15-00041-CR

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

_____

JESSICA MARIE BRIGGLE, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

ON APPEAL FROM THE 6TH JUDICIAL DISTRICT COURT
LAMAR COUNTY, TEXAS; TRIAL COURT NO. 23274;
HONORABLE ERIC CLIFFORD, JUDGE

_____

# APPELLEE'S (STATE'S) BRIEF
_____

TO HONORABLE SIXTH COURT OF APPEALS:

COMES NOW, the State of Texas, by and through its Lamar County and District Attorney's Office, files this its Appellee's Brief under Rule 38.2 of the Texas Rules of Appellate Procedure.

Unless otherwise indicated, Jessica Marie Briggle will be referred to as "Briggle" or "the appellant." The State of Texas will be referred to as "the State" or "appellee."

## STATEMENT OF FACTS

**Indictment for Forgery of a Financial Instrument, and Plea.**

On July 20, 2009, a grand jury in Lamar County return an original indictment that charged Biggle with a state-jail-felony offense of forgery of a financial instrument. *See* CR, pgs. 5-8. The original indictment included several counts for separate financial instruments (i.e. checks) on separate dates. *See* CR, pgs. 5-8.

Subsequently, Biggle agreed to a plea bargain agreement. *See* CR, pgs. 18-28. As part of that agreement, Briggle entered a plea of "guilty" (RR, Vol. 2, pg. 7), and the trial court placed Biggle on deferred community supervision for three (3) years with standard terms and conditions of community supervision. *See* CR, pgs. 30-31. On February 19, 2010, the trial court signed its four orders of deferred adjudication for each of the counts, as alleged in the indictment. *See* CR, pgs. 33-34, 35-36, 37-38, 39-40.

**Motion to Proceed with Adjudication and Hearing.**

In due course, the State filed a motion to proceed with an adjudication of guilt on December 19, 2014. *See* CR, pgs. 57-58. On February 17, 2015, the trial court presided over a revocation hearing. *See* RR, Vol. 3, pg. 1.

During the hearing, Briggle entered a plea of "not true" to all of the State's allegations. *See* RR, Vol. 3, pg. 7.

As its first witness, the State called Kelly Thrasher, a community supervision officer for Lamar County that was familiar with Briggle. *See* RR, Vol. 3, pgs. 7-8. During her testimony, the State offered State's Exhibit 1, which the trial court admitted over "No objection, Your Honor." *See* RR, Vol. 3, pg. 13.

Upon the conclusion of the hearing, the trial court revoked the appellant's community supervision and found Briggle guilty of forgery of a financial instrument, Counts 1, 2, 3 and 4. *See* RR, Vol. 3, pg. 66. The trial court then sentenced Briggle to 24 months confinement in the Texas Department of Criminal Justice, but the trial court suspended that sentence "to place her on probation." *See* RR, Vol. 3, pg. 66. The trial court required Briggle "to attend and successfully complete the SAFP program and any aftercare that is required." *See* RR, Vol. 3, pg. 66. In open court, Briggle was "going to present my notice of appeal." *See* RR, Vol. 3, pg. 66.

**Trial Court's Judgments Adjudicating Guilt and Notice of Appeal.**

On February 17, 2015, the trial court signed its judgments adjudicating guilt, as to each count. *See* CR, pgs. 74-75, 76-77, 78-79, 80-

81. Briggle timely filed her notice of appeal.  *See* CR, pg. 73.

**Proceedings in this Court.**

On or about February 20, 2015, the appellant filed her notice of appeal in this Court.  On or about April 15, 2015, the district clerk of Lamar County filed the Clerk's Record.  The official court reporter filed the Reporter's Record on or about May 4, 2015.

The appellant filed her brief on or about May 18, 2015.  The State filed, or will be filing, its brief on or before June 17, 2015.

## SUMMARY OF THE ARGUMENT

The appellant's sole issue on appeal should be overruled.  This Court should affirm the trial court's final judgments of conviction because unobjected-to hearsay testimony from Kelly Thrasher, a community supervision officer for Lamar County, constituted sufficient evidence in support of the trial court's judgments adjudicating guilt.  *See* CR, pgs. 74-75, 76-77, 78-79, 80-81.

Even if the trial court erred in considering unobjected-to hearsay evidence, the trial court admitted State's Exhibit 1 over "No objection, Your Honor" (RR, Vol. 3, pg. 13); and thus, Briggle waived any objection to the admission of State's Exhibit 1.  *See* Tex. R. App. P. 33.1(a).  From State's

Exhibit 1, the trial court could have found, by a preponderance of the evidence, that Briggle violated a condition of her community supervision (i.e. condition 23). Therefore, the trial court's error, if any, in considering unobjected-to hearsay evidence was harmless.

## ARGUMENT AND AUTHORITIES

**SOLE ISSUE PRESENTED IN REPLY: THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN REVOKING THE APPELLANT'S COMMUNITY SUPERVISION BECAUSE UNOBJECTED-TO HEARSAY CONSTITUTED SUFFICIENT EVIDENCE IN SUPPORT OF AN ORDER REVOKING COMMUNITY SUPERVISION, AND THE TRIAL COURT COULD HAVE REASONABLY FOUND FROM STATE'S EXHIBIT 1 THAT BRIGGLE VIOLATED A CONDITION OF HER COMMUNITY SUPERVISION.**

A. **Standard of Review: Abuse of Discretion.**

This Court will review the trial court's decision to revoke community supervision for an abuse of discretion. *See Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.--Texarkana 2011, no pet.) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.--Texarkana 2003, no pet.)). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision. *See Lively*, 338

S.W.3d at 143 (citing *Rickels*, 202 S.W.3d at 763-64; *T.R.S.*, 115 S.W.3d at 320).

"The State is required to sustain the burden of proving the allegations of the motion to revoke probation." *See Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). In conducting the review, this Court must view the evidence in the light most favorable to the trial court's ruling. *See Lively*, 338 S.W.3d at 143 (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)).

"[I]f the trial court's ruling can be sustained on an independent ground the appellant must challenge all of the grounds on appeal." *See Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.--Texarkana 2011, pet. ref'd) (Justice Moseley) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (defendant must challenge each ground on which the trial court relies on to rule against the defendant because one sufficient ground supports trial court's order)). "Proof of any single alleged violation of a condition of probation is sufficient to support revocation." *See Ex parte Brown*, 875 S.W.2d 756, 761 (Tex. App.--Fort Worth 1994, orig. proceeding).

B.     **The Trial Court Did Not Abuse its Discretion in Revoking Briggle's Community Supervision.**

1.     **Unobjected-to Hearsay Constituted Sufficient Evidence in Support of an Order Revoking Probation.**

In her brief, Briggle essentially argued that unobjected-to hearsay could not be the basis of a probation revocation.  *See* Appellant's Brief, pg. 7 (citing *Frazier v. State*, 600 S.W.2d 271 (Tex. Crim. App. 1979)).  However, the Texas Court of Criminal Appeals has recognized the probative value of inadmissible hearsay in probation revocation proceedings.  *See Fernandez*, 805 S.W.2d 451, 457 n. 1 (Tex. Crim. App. 1991) (Baird, J., concurring).

Since *Frazier*, "[t]he trial court may consider unobjected-to hearsay testimony no differently than other testimony that the fact finder may either accept or reject."  *See Jones v. State*, 112 S.W.3d 266, 269 (Tex. App.-- Corpus Christi 2003, no pet.) (citing *Fernandez v. State*, 805 S.W.2d 451, 455-56 (Tex. Crim. App. 1991); *Garcia v. State*, 880 S.W.2d 497, 500 (Tex. App.--Corpus Christi 1994, no pet.)).

2.     **The Trial Court Did Not Abuse its Discretion in Revoking Briggle's Community Supervision.**

Because the fact finder could either accept or reject unobjected-to hearsay testimony from Kelly Thrasher, *see id*, the trial court could have found, by the greater weight of the credible evidence, that Briggle had

violated the conditions of her community supervision. *See Lively*, 338 S.W.3d at 143 (citing *Rickels*, 202 S.W.3d at 763-64; *T.R.S.*, 115 S.W.3d at 320). Therefore, the trial court did not abuse its discretion in revoking Briggle's community supervision. *See Lively*, 338 S.W.3d at 143.

Even assuming the trial court could not rely on the hearsay testimony of Kelly Thrasher, the trial court still did not abuse its discretion because it could have found that Briggle had violated the conditions of her community supervision from State's Exhibit 1 solely. During the revocation hearing, the State offered Exhibit 1 into evidence and Briggle stated, "No objection, Your Honor." *See* RR, Vol. 3, pg. 13. *See* Tex. R. App. P. 33.1(a). By stating "no objection," the trial court properly admitted State's Exhibit 1 (ORDER FOR DRUG TEST), which Briggle signed. *See* State's Exhibit 1. By a check mark dated July 4, 2014, Briggle acknowledged that she had "used illegal drugs in the last 3 weeks" and she listed "Meth 2 wks ago." *See* State's Exhibit 1.

From State's Exhibit 1 only, which was admitted over no objection, the trial court could could have found that Briggle had violated the conditions of her community supervision. Even if the trial court erred in relying on unobjected-to hearsay testimony from Kelly Thrasher, Briggle

could not show any harm because the trial court had properly-admitted evidence that would have sufficiently supported its revocation order. Accordingly, the appellant's sole issue on appeal should be overruled, and the final judgment of the trial court should be affirmed.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that upon final submission of the above-styled and numbered causes without oral argument, this Court affirm the trial court's final judgment of conviction in all respects; adjudge court costs against the appellant; and for such other and further relief, both at law and in equity, to which it may be justly and legally entitled.

Respectfully submitted,

Gary D. Young
Lamar County & District Attorney
Lamar County Courthouse
119 North Main
Paris, Texas   75460
(903) 737-2470
(903) 737-2455 (fax)

By:_____
    Gary D. Young, County Attorney
    SBN# 00785298
    gyoung@co.lamar.tx.us

**ATTORNEYS FOR THE STATE OF TEXAS**

-9-

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, the "Appellee's (State's) Brief" was a computer-generated document and contained 2475 words--not including the Appendix, if any. The undersigned attorney certified that he relied on the word count of the computer program, which was used to prepare this document.

_____
GARY D. YOUNG
gyoung@co.lamar.tx.us

## CERTIFICATE OF SERVICE

This is to certify that in accordance with Tex. R. App. P. 9.5, a true copy of the Appellee's (State's) Brief has been served on the 16th day of June, 2015 upon the following:

> Charles England Perry
> 1101 Main Street
> P.O. Box 720
> Commerce, TX   75429

_____
GARY D. YOUNG
gyoung@co.lamar.tx.us

-10-